IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAROSLAW WIELGUS, | ) | |
| | ) | FILED |
| Plaintiff | ) | MARCH 19, 2008   TC |
| v.s. | ) | No.: 08CV1597 |
| | ) | Judge: JUDGE LINDBERG |
| RYOBI TECHNOLOGIES, INC., ONE WORLD TECHNOLOGIES, INC. and HOME DEPOT U.S.A., INC., | ) ) ) | MAGISTRATE JUDGE DENLOW |
| | ) | |
| Defendants | ) | |

## COMPLAINT AND JURY DEMAND

Jaroslaw Wielgus, by the undersigned attorneys, Law Offices of F. John Cushing III, P.C., as and for his complaint herein alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from the severe and disfiguring personal injuries suffered by Plaintiff while operating a table saw manufactured, sold and distributed by defendants Ryobi Technologies, Inc. ("Ryobi"), One World Technologies, Inc. ("One World") and sold by defendant Home Depot USA, Inc. ("Home Depot").

### PARTIES

2. Plaintiff, Jaroslaw Wielgus ("Wielgus") is an individual who resides at 5623 South New Castle, Chicago, IL.

3. Upon information and belief, Ryobi is a Delaware corporation with a principal place of business at 1428 Pearman Dairy Road, Anderson, SC. Upon information and belief, Ryobi is a subsidiary of Ryobi Limited, a Japanese corporation that sells power tools worldwide.

1

4. Upon information and belief One World is a Delaware corporation, maintaining its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina. One World is affiliated with Ryobi and manufactures, distributes and sells power tools under the Ryobi name.

5. Upon information and belief, Home Depot is a Delaware corporation maintaining a place of business at 1415 Boston-Providence Turnpike, Norwood, Norfolk County, Massachusetts. Home Depot's principal place of business is located at 2455 Paces Ferry Road, Atlanta, Georgia. Home Depot has named Illinois corporation Servin C, 801 Adlai Stevenson Drive, Springford, IL 62703, as its registered agent for service of process in the Commonwealth.

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that it is an action between citizens of different states and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over Ryobi and One World because Plaintiff's claims arise from Ryobi and One World's:

   a. transacting business in the State of Illinois;

   b. contracting to supply services or things in the State of Illinois;

   c. causing tortious injury by an act or omission in the State of Illinois; and/or

   d. causing tortious injury in the State of Illinois by an act or omission outside of the State of Illinois and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the State of Illinois.

8. This Court also has personal jurisdiction over Defendant Home Depot USA, Inc. because Home Depot is authorized to do business, and is doing business, in the State of Illinois.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District, and pursuant to 28 U.S.C. § 1391 (c) all defendants reside in this District as that term is defined in 28 U.S.C. § 1391 (c).

## THE FACTS

10. In 2005 Ryobi and One World, were the designers, manufacturers, testers, suppliers, sellers, and/or distributors of a 10-inch portable table saw, Model BTS 10-1, Serial No. XX 052678814 and had distributed, supplied and/or sold the subject machine in Illinois.

11. At some time prior to March 20, 2006, Ryobi and One World, distributed, supplied and/or sold the Ryobi Saw to Home Depot.

12. At some time prior to March 20, 2006, Home Depot distributed, supplied and/or sold the subject machine to Jaroslaw Wielgus.

13. On or about March 26, 2006, Plaintiff, while working for his employer, JTD, Inc., was operating the subject Ryobi Saw at an apartment building, located at 3294 No. Pine Grove, Chicago, IL with all due care when the Ryobi Saw injured Plaintiff.

14. The Defendants, as manufacturers of power saws, have failed to utilize available safer technology in their saws. For years there has been for example, available technology that would stop a power saw blade almost instantly upon contact with human flesh, thereby avoiding the traumatic injury suffered by plaintiff.

15. Specifically, in or around November, 2000, at a meeting of the Power Tool Institute, Inc., ("PTI"), of which Defendants were members, Defendants were made aware of

technology that detects when human flesh touches the saw blade, and once contact is detected, stops the saw blade almost instantly.

16. At the time of the demonstration, the inventor of the flesh detection and braking technology offered to make the technology available to Defendants through a licensing agreement. The technology would have been appropriate for use on the Subject Saw.

17. Defendants failed to pursue licensing and use of this available safer technology, or to implement any alternative technology or to mitigate or eliminate the effects of accidental blade contact with human flesh.

18. To date, none of the table saws manufactured by Defendants incorporate the flesh detection and braking, or other comparable safety technology.

## COUNT I

### (Negligence Against Defendants Ryobi and One World)

19. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 18 and incorporates each as if fully set forth herein.

20. Ryobi and One World were negligent with respect to the designing, manufacturing, testing, inspecting, distributing and selling of the Rigid Saw and were negligent with respect to equipping the Ryobi Saw with adequate safeguards, warnings and/or instructions.

21. As the direct and proximate result of Ryobi's and One World's said negligence, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT II

### (Implied Warranty Against Defendants Ryobi and One World)

22. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 21 and incorporates each as if fully set forth herein.

23. Ryobi and One World impliedly warranted pursuant to 810 ILCS 5/2-314 to Plaintiff that the Ryobi Saw and its component parts were merchantable, safe and fit for ordinary purposes. Ryobi and One World are merchants with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by Ryobi and One World. Ryobi and One World therefore breached these warranties to Plaintiff.

24. As the direct and proximate result of Ryobi's and One World's said breaches of warranties, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT III

### (Negligence Against Defendant Home Depot)

25. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 24 and incorporates each as if fully set forth herein.

26. Home Depot was negligent with respect to the testing, inspecting, distributing and selling of the Rigid Saw and was negligent with respect to equipping the Rigid Saw with adequate safeguards, warnings and/or instructions.

27. As the direct and proximate result of Home Depot's said negligence, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT IV

### (Implied Warranty Against Defendant Home Depot)

28. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 27 and incorporates each as if fully set forth herein.

29. Home Depot impliedly warranted, pursuant to 810 ILCS 5/2-314 to Plaintiff that the subject product and its component parts were merchantable, safe and fit for ordinary purposes. Home Depot is a merchant with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by Home Depot. Home Depot therefore breached these warranties to Plaintiff.

30. As the direct and proximate result of Home Depot's said breaches of warranties, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

**WHEREFORE,** Plaintiff demands judgment against Defendants, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

**THE PLAINTIFF CLAIMS A TRIAL BY JURY**

                              Respectfully submitted,
                              JAROSLAW WIELGUS
                              By his Attorney,

**LAW OFFICES OF F. JOHN CUSHING III, P.C.**

s/F. John Cushing III/
F. John Cushing III
Michael M. Cushing
29 S. LaSalle, Suite 240
Chicago, IL 60603
(312) 726-2323

Dated: March 19, 2008