IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAROSLAW WIELGUS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 08CV1597 |
| ) | Judge Lindberg |
| RYOBI TECHNOLOGIES, INC., ONE WORLD ) | Magistrate Judge Denlow |
| TECHNOLOGIES, INC. and HOME DEPOT ) | |
| U.S.A., INC., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants, RYOBI TECHNOLOGIES, INC., ONE WORLD TECHNOLOGIES, INC. and HOME DEPOT U.S.A., INC., by their attorneys, JOHNSON & BELL, LTD., move this Honorable Court for the entry of a protective order pursuant to Federal Rules of Civil Procedure Rule 26 (c), directing plaintiff, his experts, consultants, insurers, attorneys, and/or his employer, JTD, Inc. and its agents, to preserve the Ryobi table saw allegedly involved in the accident of March 26, 2006 in which plaintiff, allegedly sustained injuries. In support thereof, defendants states as follows:

### BACKGROUND

1.  On March 19, 2008, plaintiff, Jaroslaw Wielgus, filed his multi-count complaint against defendants alleging that he suffered damages as a result of an accident which occurred on March 26, 2006 when he was utilizing a Ryobi table saw in the course of his employment with JTD, Inc.

2.  Plaintiff's complaint alleges that defendants designed, manufactured, distributed, supplied and/or sold a defective and unreasonably dangerous table saw.

## PRESERVATION OF PRODUCT

3. Defendants will be greatly and irreparably prejudiced if the Ryobi table saw and any and all components comprising the Ryobi table saw are in any way destroyed, disassembled, modified, and/or disposed of, by any party, including but not limited to the plaintiff and/or his employer, agents, experts, consultants, insurers, and/or attorneys, without defendants having the opportunity to examine, inspect, test, photograph, and videotape the Ryobi table saw allegedly involved in the incident giving rise to this product liability lawsuit.

## REQUEST FOR PROTECTIVE ORDER TO PRESERVE PRODUCT AND FOR INSPECTION OF PRODUCT AND RELATED COMPONENT PARTS

4. Defendants respectfully request that this Honorable Court order that the subject Ryobi table saw and any and all component parts comprising the Ryobi table saw to be preserved and kept safe by plaintiff, his experts, consultants, insurers, attorneys, and/or his employer, JTD, Inc. and its agents, in order to prevent destruction, disassembly, alterations, modifications, and/or disposal of the subject Ryobi table saw and/or any component parts comprising the Ryobi table saw which could adversely and irreparably affect the rights of the defendants.

5. Defendants further respectfully request that this Honorable Court order plaintiff, his experts, consultants, insurers, attorneys, and/or his employer, JTD, Inc. and its agents, to inform the attorneys for defendants *instanter* of the present location of the Ryobi table saw and any and all component parts comprising the table saw allegedly involved in the Marcy 26, 2006 accident giving rise to this lawsuit.

6. Defendants further respectfully request that this Honorable Court order plaintiff, his experts, consultants, insurers, attorneys, and/or his employer, JTD, Inc. and its agents to refrain from any destructive testing and/or disassembly of subject Ryobi table saw and any and

all component parts comprising the table saw, without first providing the attorneys for defendants with thirty (30) days prior notice, or by agreement of the parties, or without further order of this court.

7. Defendants further respectfully request this Honorable Court enter an order barring, restraining and/or prohibiting plaintiff, his experts, consultants, insurers, attorneys, and/or his employer, JTD, Inc. and its agents from destroying, disassembling, altering, modifying, disposing of, testing, and/or materially changing the present condition of the subject Ryobi table saw and any and all component parts comprising the subject Ryobi table saw, without first providing the attorneys for defendants with thirty (30) days prior notice, or by agreement of the parties, or without further order of this court.

8. Defendants further respectfully request this Honorable Court plaintiff, his experts, consultants, insurers, attorneys, and/or his employer, JTD, Inc. and its agents to allow defendants, their technical representatives, consultants and/or attorneys to inspect, examine, photograph, and videotape the Ryobi table saw allegedly involved in the accident of March 26, 2006.

9. Defendants further move this Honorable Court to order plaintiff, his experts, consultants, insurers, attorneys, and/or his employer, JTD, Inc. and its agents to preserve, keep safe, and make available for photocopying, *instanter*, any and all documents, records, and/or other materials including computer data which relate to the purchase and sale, warranty, service, maintenance, assembly, disassembly, repair, replacement of component parts, alterations, and/or preventative maintenance schedules relating to the subject Ryobi table saw and any and all component parts comprising the subject Ryobi table saw allegedly involved in the incident of March 26, 2006 giving rise to this lawsuit.

10.  Defendants have attached a proposed protective order for the attorneys of record and this Honorable Court to review and approve. (A copy of the proposed protective order is attached and designated as Exhibit A.)

**WHEREFORE**, defendants RYOBI TECHNOLOGIES, INC., ONE WORLD TECHNOLOGIES, INC. and HOME DEPOT U.S.A., INC., prays that this Honorable Court grant its motion for protective order and enter an order consistent with the relief requested in this protective order.

/s/Meghan M. Sciortino
**Signature**
Meghan M. Sciortino, Bar No. 6287341
**Print Name**
Johnson & Bell, Ltd.
**Firm Name**
33 W. Monroe St., Suite 2700
**Address**
Chicago, IL  60603
**City, State, Zip Code**
312/372-0770
**Phone**
312/372-2881
**Fax Number**
sciortinom@jbltd.com
**E-Mail Address**

## CERTIFICATE OF SERVICE

    I hereby certify that on April 18, 2008 I electronically filed the foregoing documents with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                **/s/ Meghan M. Sciortino**
                                John W. Bell / ARDC No. 0161934
                                Charles P. Rantis / ARDC No. 6190218
                                Meghan M. Sciortino / ARDC No. 6287341
                                Attorneys for defendant,
                                   Louisville Ladders Inc.
                                Johnson & Bell, Ltd.
                                33 West Monroe Street, Suite 2700
                                Chicago, IL  60603
                                Telephone:  (312) 372-0770
                                Fax: (312) 372-9818
                                E-mail:  bellj@jbltd.com
                                             mcnamarar@jbltd.com
                                             sciortinom@jbltd.com

# EXHIBIT 1

1594998

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAROSLAW WIELGUS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RYOBI TECHNOLOGIES, INC., ONE WORLD )<br>TECHNOLOGIES, INC. and HOME DEPOT )<br>U.S.A., INC., )<br>)<br>Defendants. ) | No. 08CV1597<br>Judge Lindberg<br>Magistrate Judge Denlow |

**PROTECTIVE ORDER**

This cause coming on to be heard on the motion of defendants, RYOBI TECHNOLOGIES, INC., ONE WORLD TECHNOLOGIES, INC. and HOME DEPOT U.S.A., INC, (hereinafter referred to as "defendants"), for the entry of a protective order, due notice has been given, and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff, his employer, JTD, Inc. and/or whichever party has possession of the subject Ryobi table saw, their agents, experts, consultants, and/or attorneys are to preserve and keep safe the subject Ryobi table saw and any and all component parts referred to in plaintiff's complaint at law as they exist at the time of the entry of this order.

2. Plaintiff, his experts, consultants, insurers, attorneys, and/or his employer, JTD, Inc. and its agents, are to preserve, keep safe the product allegedly involved in the accident of March 26, 2006.

3. Plaintiff, his experts, consultants, insurers, attorneys, and/or his employer, JTD, Inc. and its agents, are to inform the attorneys for defendants of the present location of the product allegedly involved in the accident of March 26, 2006.

4.  Plaintiff, his experts, consultants, insurers, attorneys, and/or his employer, JTD, Inc. and its agents, are to refrain from any destructive testing and/or disassembly and/or disposal of the product artifacts without first providing the attorneys for all of the parties with thirty (30) days prior notice, or by agreement of the parties, or without further order of this court.

5.  Plaintiff, his experts, consultants, insurers, attorneys, and/or his employer, JTD, Inc. and its agents, are prohibited from destroying, disassembling, altering, modifying, disposing of, or performing any destructive testing and/or otherwise changing the current condition of the product without first providing the attorneys for all of the parties who have appeared with thirty (30) days prior notice, or by agreement of the parties, or without further order of this court.

6.  The current condition of the product shall not be altered, modified or otherwise changed.

7.  The parties are allowed to have their technical representatives, consultants, experts, and/or attorneys examine, inspect, photograph and videotape the product and any and all component parts comprising the product with reasonable notice to the parties at a mutually convenient time and on a mutually convenient date.

8.  Plaintiff, his experts, consultants, insurers, attorneys, and/or his employer, JTD, Inc. and its agents, are to preserve, keep safe, and make available for photocopying, *instanter*, any and all documents, records, or other materials (which are in their possession as of the date of this entry of this order) including computer data relating to the purchase and sale, maintenance, repair, assembly, service, replacement of component parts, alterations, and/or testing relating to the product allegedly involved in the accident of March 26, 2006.

9.  Any testing, destructive or non-destructive, shall take place only if all the parties agree, in writing, to the testing protocol and also in writing to the date and time of the testing. If

such agreement cannot be reached, destructive testing shall otherwise occur only pursuant to an order of court.

**ENTER:**

_____
**Judge**

John W. Bell
Robert R. McNamara
Meghan M. Sciortino
Johnson & Bell, Ltd.
Attorneys for defendants
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770

3