

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAROSLAW WIELGUS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 08CV1597 |
| ) | Judge Lindberg |
| RYOBI TECHNOLOGIES, INC., ONE WORLD ) | Magistrate Judge Denlow |
| TECHNOLOGIES, INC. and HOME DEPOT ) | |
| U.S.A., INC., ) | |
| ) | |
| Defendants. ) | |

**PROTECTIVE ORDER**

This cause coming on to be heard on the motion of defendants, RYOBI TECHNOLOGIES, INC., ONE WORLD TECHNOLOGIES, INC. and HOME DEPOT U.S.A., INC, (hereinafter referred to as "defendants"), for the entry of a protective order, due notice has been given, and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff, his employer, JTD, Inc. and/or whichever party has possession of the subject Ryobi table saw, their agents, experts, consultants, and/or attorneys are to preserve and keep safe the subject Ryobi table saw and any and all component parts referred to in plaintiff's complaint at law as they exist at the time of the entry of this order.

2. Plaintiff, his experts, consultants, insurers, attorneys, and/or his employer, JTD, Inc. and its agents, are to preserve, keep safe the product allegedly involved in the accident of March 26, 2006.

3. Plaintiff, his experts, consultants, insurers, attorneys, and/or his employer, JTD, Inc. and its agents, are to inform the attorneys for defendants of the present location of the product allegedly involved in the accident of March 26, 2006.

4.  Plaintiff, his experts, consultants, insurers, attorneys, and/or his employer, JTD, Inc. and its agents, are to refrain from any destructive testing and/or disassembly and/or disposal of the product artifacts without first providing the attorneys for all of the parties with thirty (30) days prior notice, or by agreement of the parties, or without further order of this court.

5.  Plaintiff, his experts, consultants, insurers, attorneys, and/or his employer, JTD, Inc. and its agents, are prohibited from destroying, disassembling, altering, modifying, disposing of, or performing any destructive testing and/or otherwise changing the current condition of the product without first providing the attorneys for all of the parties who have appeared with thirty (30) days prior notice, or by agreement of the parties, or without further order of this court.

6.  The current condition of the product shall not be altered, modified or otherwise changed.

7.  The parties are allowed to have their technical representatives, consultants, experts, and/or attorneys examine, inspect, photograph and videotape the product and any and all component parts comprising the product with reasonable notice to the parties at a mutually convenient time and on a mutually convenient date.

8.  Plaintiff, his experts, consultants, insurers, attorneys, and/or his employer, JTD, Inc. and its agents, are to preserve, keep safe, and make available for photocopying, *instanter*, any and all documents, records, or other materials (which are in their possession as of the date of this entry of this order) including computer data relating to the purchase and sale, maintenance, repair, assembly, service, replacement of component parts, alterations, and/or testing relating to the product allegedly involved in the accident of March 26, 2006.

9.  Any testing, destructive or non-destructive, shall take place only if all the parties agree, in writing, to the testing protocol and also in writing to the date and time of the testing. If

such agreement cannot be reached, destructive testing shall otherwise occur only pursuant to an order of court.

ENTER:

APR 2 1 2008

_____
Judge

John W. Bell
Robert R. McNamara
Meghan M. Sciortino
Johnson & Bell, Ltd.
Attorneys for defendants
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770