RRM/JWB/MMS　　　　　　　8440-08001　　　　　　　　Firm ID: 06347

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAROSLAW WIELGUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 08 cv 1597 |
| ) | Judge Lindberg |
| RYOBI TECHNOLOGIES, INC., ONE ) | |
| WORLD TECHNOLOGIES, INC. and ) | Magistrate Judge Denlow |
| HOME DEPOT U.S.A., INC., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COME Defendants, RYOBI TECHNOLOGIES, INC., ONE WORLD TECHNOLOGIES, INC. and HOME DEPOT U.S.A., INC., by and through their attorneys, JOHNSON & BELL, LTD., and for their Answer to Plaintiff's First Amended Complaint at Law, state as follows:

#### Preliminary Statement

1.　Defendants deny that any of plaintiff's damages were caused by any conduct of the defendants or any defects in a product sold by the defendants.

#### Parties

2.　Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 2 and demand strict proof thereof.

3.　Defendants deny the allegations contained in paragraph 3.

4.　Defendant One World admits that it is a Delaware corporation with a principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina and that it distributes and sells power tools under the Ryobi brand. Further answering, the

#1854499

defendants state that the remaining allegations are too vague to permit the defendants to respond.

5. Defendants admit the allegations contained in paragraph 5.

### Jurisdiction and Venue

6. Paragraph 6 states legal conclusions to which the defendants are not required to respond.

7. Paragraph 7 states legal conclusions to which the defendants are not required to respond.

8. Paragraph 8 states legal conclusions to which the defendants are not required to respond.

9. Paragraph 9 states legal conclusions to which the defendants are not required to respond.

### The Facts

10. The defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 10 and demand strict proof thereof.

11. The defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 11 and demand strict proof thereof.

12. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 12 and demand strict proof thereof.

13. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph 13 and demand strict proof thereof.

14. Defendants deny the allegations contained in paragraph 14.

15.    Defendants Ryobi and One World admit that at some point in time they were made aware of an invention called "SawStop," but deny the remaining allegations contained in paragraph 15. Further answering, Home Depot denies the allegations contained in paragraph 15.

16.    Defendants Ryobi and One World admit that at some point they entered into discussions with the inventor of SawStop concerning a licensing of the SawStop technology, but that for various reasons no agreement could be reached; and further answering, One World and Ryobi deny the allegations contained in paragraph 16. Home Depot denies the allegations contained in paragraph 15.

17.    Defendants deny the allegations contained in paragraph 17.

18.    Defendants Ryobi and One World admit that their table saws do not incorporate a "flesh detection" device, but deny the remaining allegations contained in paragraph 18. Further answering, the defendant Home Depot denies the allegations contained in paragraph 18.

## Count I
### (Negligence Against Defendants Ryobi and One World)

19.    Defendants repeat and reallege their answers to paragraphs 1-18 as and for their answer to paragraph 19 of Count I as if fully set forth herein.

20.    Defendants deny the allegations contained in paragraph 20.

21.    Defendants deny the allegations contained in paragraph 21.

## Count II
### (Implied Warranty Against Ryobi and One World)

22.    Defendants repeat and reallege their answers to paragraphs 1-21 as and for their answers to paragraph 22 of Count II, as if fully set forth herein.

23. Defendants deny the allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24.

## Count III
### (Negligence Against Home Depot)

25. Defendant Home Depot repeats and realleges its answers to paragraphs 1-24 as and for its answers to paragraph 25 of Count III, as if fully set forth herein.

26. Defendant Home Depot denies the allegations contained in paragraph 26.

27. Defendant Home Depot denies the allegations contained in paragraph 27.

## Count IV
### (Implied Warranty Against Home Depot)

28. Defendant Home Depot repeats and realleges its answers to paragraphs 1-27 as and for its answers to paragraph 28 of Count IV, as if fully set forth herein.

29. Defendant Home Depot denies the allegations contained in paragraph 29.

30. Defendant Home Depot denies the allegations contained in paragraph 30.

**WHEREFORE**, defendants deny that plaintiff is entitled to judgment in any amount and pray that this cause be dismissed with prejudice and with costs and for such other relief as the court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's First Amended Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted in the Plaintiff's First Amended Complaint are barred by the applicable Statute of Limitations and applicable Statutes of Repose.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint is barred by the equitable doctrines of laches, waiver, estoppel, accord and satisfaction and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The sole proximate cause of injuries and plaintiff's damages were plaintiff's own actions, negligence and/or comparative fault.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff, Jaroslaw Wielgus, lacks legal standing/capacity to assert the claims asserted in the Plaintiff's First Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE

There is no causal relationship between the allegations asserted in the Plaintiff's First Amended Complaint and Jaroslaw Wielgus's alleged injuries.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by third parties over whom Ryobi Technologies, Inc., One World Technologies, Inc., and Home Depot U.S.A., Inc., had no control or any right to control.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the plaintiff's assumption of the risk.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff or others misused, altered, changed or modified the subject product and this misuse, alteration, change or modification was the proximate and/or contributing cause of the plaintiff's damages, if any.

## TENTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by the plaintiff were caused by the sole or contributing wrongful or negligent acts, omissions, or breaches of express or implied warranties on the part of the plaintiff and/or other parties, and not by any act, omission or breach of warranty by these defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Without relieving the plaintiff of his burden of proof of establishing his injuries or damages, if any, any damages sustained by the plaintiff was proximately caused or contributed to by the intervening or superseding intentional conduct or negligence of third-parties that the plaintiff has not named in this action.

## TWELFTH AFFIRMATIVE DEFENSE

The plaintiff failed to give proper and prompt notice of any alleged breach of warranty to these answering defendants and, accordingly, any claims based on breach of warranty are barred.

**WHEREFORE,** Ryobi Technologies, Inc., One World Technologies, Inc., and Home Depot U.S.A., Inc., respectfully requests that this Court enter a judgment dismissing Plaintiff's First Amended Complaint in its entirety with prejudice, awarding it costs of suit, attorneys' fees and respectfully requests such other and further relief which the Court deems just and proper.

## JURY DEMAND

Ryobi Technologies, Inc., One World Technologies, Inc., and Home Depot U.S.A., Inc., hereby request trial by jury on all counts included herein for all issues triable thereto.

Dated: Chicago, Illinois
May 21, 2008

                                  Respectfully submitted,

                                  JOHNSON & BELL, LTD.

                                  /s/ Robert R. McNamara

                                  Johnson & Bell, Ltd.
                                  33 West Monroe Street
                                  Suite 2700
                                  Chicago, Illinois 60603
                                  (312) 372-0770
                                  Firm I.D. 06347

## CERTIFICATE OF SERVICE

     I hereby certify that on May 21, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                              /s/ Robert R. McNamara    Bar Number 6194965
                              Attorneys for defendants Ryobi Technologies, Inc., One World Technologies, Inc. and Home Depot U.S.A., Inc.,
                              Johnson & Bell, Ltd.
                              33 West Monroe Street
                              Suite 2700
                              Chicago, Illinois 60603
                              (312) 372-0770
                              Fax: (312) 372-9818
                              E-mail: Mcnamarar@jbltd.com