**FILED**

**AUGUST 29, 2008**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

<u>RRM</u>/JWB/MMS                    8440-08001                    Firm ID: 06347

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JAROSLAW WIELGUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 cv 1597 |
| | ) | Judge Lindberg |
| RYOBI TECHNOLOGIES, INC., ONE | ) | |
| WORLD TECHNOLOGIES, INC. and | ) | Magistrate Judge Denlow |
| HOME DEPOT U.S.A., INC., | ) | |
| | ) | |
| Defendants. | ) | |
| ------------------------------------------------- | ) | |
| | ) | |
| RYOBI TECHNOLOGIES, INC., ONE | ) | |
| WORLD TECHNOLOGIES, INC. and | ) | |
| HOME DEPOT U.S.A., INC., | ) | |
| | ) | |
| Third Party Plaintiffs, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JTD, INC., | ) | |
| | ) | |
| Third Party Defendant. | ) | |

## <u>DEFENDANTS' THIRD PARTY COMPLAINT</u>
## <u>FOR CONTRIBUTION AGAINST JTD, INC.</u>

NOW COME Defendants, RYOBI TECHNOLOGIES, INC., ONE WORLD TECHNOLOGIES, INC. and HOME DEPOT U.S.A., INC., by and through their attorneys, JOHNSON & BELL, LTD., and pleading in the alternative, and without prejudice to the denials made in its answer to plaintiff's complaint at law, asserts in the alternative, the following against the third-party defendants, JTD, INC.

## COUNT I
### *Ryobi Technologies, Inc. v. JTD, Inc.*

1.      Plaintiff, JAROSLAW WIELGUS (hereinafter referred to as "plaintiff") filed his complaint at law alleging that he was injured while operating a 10-inch portable table saw, Model BTS 10-1, Serial No. XX 052378814 (hereinafter referred to as "table saw") while working for his employer JTD, INC. at an apartment building located at 3294 No. Pine Grove, Chicago, Illinois.  (A copy of Plaintiff's Complaint is attached as Exhibit "A").

2.      Plaintiff filed his action against the third-party plaintiff/defendant, RYOBI TECHNOLOGIES, INC. (hereinafter referred to as "Ryobi") alleging that it was the designer, manufacture, tester, supplier, seller and/or distributor of the subject table saw.

3.      Defendant/third-party plaintiff, Ryobi, filed its answer and affirmative defenses to plaintiff's complaint at law, denying any and all material allegations asserted against it.

4.      Prior to and on March 20, 2006, plaintiff was employed by the third-party defendant, JTD, INC. and was acting in the course and scope of his employment with JTD, INC. prior to and at the time of his accident of March 20, 2006 at 3294 No. Pine Grove, Chicago, Illinois.

5.      As the plaintiff's employer, JTD, INC. was responsible for supervising, controlling, directing, instructing, training, and/or enforcing safe work methods and procedures performed by its employees, including but not limited to the plaintiff when selecting, using, inspecting, and/or working with equipment, including the subject table saw.

6.    Prior to and at the time of plaintiff's accident of March 20, 2006, it was the duty of the third-party defendant, JTD, INC., to exercise reasonable care and caution for the safety of its employees, including the plaintiff, and to provide its employees with a safe place within which to work.

7.    Prior to and at the time of plaintiff's alleged accident of March 20, 2006, it was the duty of the third-party defendant, JTD, INC., to ensure that plaintiff performed his employment activities in a safe and proper manner when selecting, using, inspecting, and/or working with equipment, including but not limited to the subject table saw.

8.    Prior to and at the time of plaintiff's accident of March 20, 2006, the third-party defendant, JTD, INC., through its agents and/or employees, was guilty of one or more of the following negligent acts or omissions:

      a.    failed to provide the plaintiff with a safe place within which to work;

      b.    failed to provide adequate safeguards to prevent the plaintiff from injury while performing his work with the table saw;

      c.    failed to properly supervise and control the plaintiff's work;

      d.    failed to warn the plaintiff of the danger of using the table saw;

      e.    failed to properly and safely monitor the work activities and procedures utilized by the plaintiff while using and working with the table saw;

      f.    failed to by provide adequate training and/or instruction in how to use the table saw;

      f.    was otherwise careless and negligent.

9.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the third-party defendant, JTD, INC., the plaintiff allegedly sustained damages complained of in his complaint at law.

10.     Pleading in the alternative, and with the express understanding that the defendant/third-party plaintiff, Ryobi, has denied and continues to deny the allegations of plaintiff's complaint, the third-party plaintiff states that if any damages were suffered by the plaintiff, then it was the direct and proximate result of one or more of the foregoing negligent acts or omissions of the third-party defendant, JTD, INC. individually and/or through its agents, and/or employees.

11.     At all times relevant, there was in existence a statute commonly known a the Joint Tortfeasors Contribution Act, 740 ILCS 100/0.01 et seq., which provides for the proportionate assessment of damages among the parties found liable to an injured plaintiff, according to their respective percentage of fault.

12.     If the third-party plaintiff, Ryobi, is found liable to the plaintiff, then the third-party plaintiff is entitled to contribution from the third-party defendant, JTD, INC., in an amount not greater than the worker's compensation liability of the third-party defendant, JTD, INC.

**WHEREFORE**, defendant/third-party plaintiff, RYOBI TECHNOLOGIES, INC. prays that if judgment is entered against them and in favor of the plaintiff, then judgment must be entered in favor of the third-party plaintiff, RYOBI TECHNOLOGIES, INC., and against the third-party defendant, JTD, INC., in an amount not greater than the worker's compensation liability of the third-party defendant, JTD, INC.

## COUNT II
### *One World Technologies, Inc. v. JTD, Inc.*

1.    Plaintiff, JAROSLAW WIELGUS (hereinafter referred to as "plaintiff") filed his complaint at law alleging that he was injured while operating a 10-inch portable table saw, Model BTS 10-1, Serial No. XX 052378814 (hereinafter referred to as "table saw") while working for his employer JTD, INC. at an apartment building located at 3294 No. Pine Grove, Chicago, Illinois.

2.    Plaintiff filed his action against the third-party plaintiff/defendant, ONE WORLD TECHNOLOGIES, INC. (hereinafter referred to as "One World") alleging that it was the designer, manufacture, tester, supplier, seller and/or distributor of the subject table saw.

3.    Defendant/third-party plaintiff, One World, filed its answer and affirmative defenses to plaintiff's complaint at law, denying any and all material allegations asserted against it.

4.    Prior to and on March 20, 2006, plaintiff was employed by the third-party defendant, JTD, INC. and was acting in the course and scope of his employment with JTD, INC. prior to and at the time of his accident of March 20, 2006 at 3294 No. Pine Grove, Chicago, Illinois.

5.    As the plaintiff's employer, JTD, INC. was responsible for supervising, controlling, directing, instructing, training, and/or enforcing safe work methods and procedures performed by its employees, including but not limited to the plaintiff when selecting, using, inspecting, and/or working with equipment, including the subject table saw.

6.      Prior to and at the time of plaintiff's accident of March 20, 2006, it was the duty of the third-party defendant, JTD, INC., to exercise reasonable care and caution for the safety of its employees, including the plaintiff, and to provide its employees with a safe place within which to work.

7.      Prior to and at the time of plaintiff's alleged accident of March 20, 2006, it was the duty of the third-party defendant, JTD, INC., to ensure that plaintiff performed his employment activities in a safe and proper manner when selecting, using, inspecting, and/or working with equipment, including but not limited to the subject table saw.

8.      Prior to and at the time of plaintiff's accident of March 20, 2006, the third-party defendant, JTD, INC., through its agents and/or employees, was guilty of one or more of the following negligent acts or omissions:

    a.    failed to provide the plaintiff with a safe place within which to work;

    b.    failed to provide adequate safeguards to prevent the plaintiff from injury while performing his work with the table saw;

    c.    failed to properly supervise and control the plaintiff's work;

    d.    failed to warn the plaintiff of the danger of using the table saw;

    e.    failed to properly and safely monitor the work activities and procedures utilized by the plaintiff while using and working with the table saw;

    f.    failed to by provide adequate training and/or instruction in how to use the table saw;

    f.    was otherwise careless and negligent.

9.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the third-party defendant, JTD, INC., the plaintiff allegedly sustained damages complained of in his complaint at law.

10.     Pleading in the alternative, and with the express understanding that the defendant/third-party plaintiff, One World, has denied and continues to deny the allegations of plaintiff's complaint, the third-party plaintiff states that if any damages were suffered by the plaintiff, then it was the direct and proximate result of one or more of the foregoing negligent acts or omissions of the third-party defendant, JTD, INC. individually and/or through its agents, and/or employees.

11.     At all times relevant, there was in existence a statute commonly known a the Joint Tortfeasors Contribution Act, 740 ILCS 100/0.01 et seq., which provides for the proportionate assessment of damages among the parties found liable to an injured plaintiff, according to their respective percentage of fault.

12.     If the third-party plaintiff, One World, is found liable to the plaintiff, then the third-party plaintiff is entitled to contribution from the third-party defendant, JTD, INC., in an amount not greater than the worker's compensation liability of the third-party defendant, JTD, INC.

**WHEREFORE**, defendant/third-party plaintiff, ONE WORLD TECHNOLOGIES, INC., prays that if judgment is entered against it and in favor of the plaintiff, then judgment must be entered in favor of the third-party plaintiff, ONE WORLD TECHNOLOGIES, INC., and against the third-party defendant, JTD, INC., in an amount not greater than the worker's compensation liability of the third-party defendant, JTD, INC.

**COUNT III**
*Home Depot U.S.A., Inc. v. JTD, Inc.*

1.      Plaintiff, JAROSLAW WIELGUS (hereinafter referred to as "plaintiff") filed his complaint at law alleging that he was injured while operating a 10-inch portable table saw, Model BTS 10-1, Serial No. XX 052378814 (hereinafter referred to as "table saw") while working for his employer JTD, INC. at an apartment building located at 3294 No. Pine Grove, Chicago, Illinois.

2.      Plaintiff filed his action against the third-party plaintiff/defendant, HOME DEPOT U.S.A., INC. (hereinafter referred to as "Home Depot") alleging that it distributed, supplied, and /or sold the subject table saw.

3.      Defendant/third-party plaintiff, Home Depot, filed its answer and affirmative defenses to plaintiff's complaint at law, denying any and all material allegations asserted against it.

4.      Prior to and on March 20, 2006, plaintiff was employed by the third-party defendant, JTD, INC. and was acting in the course and scope of his employment with JTD, INC. prior to and at the time of his accident of March 20, 2006 at 3294 No. Pine Grove, Chicago, Illinois.

5.      As the plaintiff's employer, JTD, INC. was responsible for supervising, controlling, directing, instructing, training, and/or enforcing safe work methods and procedures performed by its employees, including but not limited to the plaintiff when selecting, using, inspecting, and/or working with equipment, including the subject table saw.

6.      Prior to and at the time of plaintiff's accident of March 20, 2006, it was the duty of the third-party defendant, JTD, INC., to exercise reasonable care and caution for

the safety of its employees, including the plaintiff, and to provide its employees with a safe place within which to work.

7.    Prior to and at the time of plaintiff's alleged accident of March 20, 2006, it was the duty of the third-party defendant, JTD, INC., to ensure that plaintiff performed his employment activities in a safe and proper manner when selecting, using, inspecting, and/or working with equipment, including but not limited to the subject table saw.

8.    Prior to and at the time of plaintiff's accident of March 20, 2006, the third-party defendant, JTD, INC., through its agents and/or employees, was guilty of one or more of the following negligent acts or omissions:

    a.    failed to provide the plaintiff with a safe place within which to work;

    b.    failed to provide adequate safeguards to prevent the plaintiff from injury while performing his work with the table saw;

    c.    failed to properly supervise and control the plaintiff's work;

    d.    failed to warn the plaintiff of the danger of using the table saw;

    e.    failed to properly and safely monitor the work activities and procedures utilized by the plaintiff while using and working with the table saw;

    f.    failed to by provide adequate training and/or instruction in how to use the table saw;

    f.    was otherwise careless and negligent.

9.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the third-party defendant, JTD, INC., the plaintiff allegedly sustained damages complained of in his complaint at law.

10.     Pleading in the alternative, and with the express understanding that the defendant/third-party plaintiff, Home Depot, has denied and continues to deny the allegations of plaintiff's complaint, the third-party plaintiff states that if any damages were suffered by the plaintiff, then it was the direct and proximate result of one or more of the foregoing negligent acts or omissions of the third-party defendant, JTD, INC. individually and/or through its agents, and/or employees.

11.     At all times relevant, there was in existence a statute commonly known a the Joint Tortfeasors Contribution Act, 740 ILCS 100/0.01 et seq., which provides for the proportionate assessment of damages among the parties found liable to an injured plaintiff, according to their respective percentage of fault.

12.     If the third-party plaintiff, Home Depot, is found liable to the plaintiff, then the third-party plaintiff is entitled to contribution from the third-party defendant, JTD, INC., in an amount not greater than the worker's compensation liability of the third-party defendant, JTD, INC.

**WHEREFORE**, defendant/third-party plaintiff, HOME DEPOT U.S.A., INC., prays that if judgment is entered against it and in favor of the plaintiff, then judgment must be entered in favor of the third-party plaintiff, HOME DEPOT U.S.A., INC., and against the third-party defendant, JTD, INC., in an amount not greater than the worker's compensation liability of the third-party defendant, JTD, INC.

Respectfully submitted,

JOHNSON & BELL, LTD.


/s/ Robert R. McNamara

Robert R. McNamara (Bar Number 6194965)
Attorneys for defendants Ryobi Technologies,
Inc., One World Technologies, Inc. and Home
Depot U.S.A., Inc.
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ Robert R. McNamara

Robert R. McNamara (Bar Number 6194965)
Attorneys for defendants Ryobi Technologies, Inc.,
One World Technologies, Inc. and Home Depot
U.S.A., Inc.
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, Illinois  60603
(312) 372-0770
Fax:  (312) 372-9818
E-mail:  Mcnamarar@jbltd.com