RRM/JWB/MMS        8440-08001              Firm ID: 06347

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JAROSLAW WIELGUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 08 cv 1597 |
| ) | Judge Lindberg |
| RYOBI TECHNOLOGIES, INC., ONE ) | |
| WORLD TECHNOLOGIES, INC. and ) | Magistrate Judge Denlow |
| HOME DEPOT U.S.A., INC., ) | |
| ) | |
| Defendants. ) | |
| ------------------------------------------------- ) | |
| ) | |
| RYOBI TECHNOLOGIES, INC., ONE ) | |
| WORLD TECHNOLOGIES, INC. and ) | |
| HOME DEPOT U.S.A., INC., ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| ) | |
| vs. ) | |
| ) | |
| JTD, INC., ) | |
| ) | |
| Third Party Defendant. ) | |

### DEFENDANTS' THIRD PARTY COMPLAINT
### FOR CONTRIBUTION AGAINST JTD, INC.

NOW COME Defendants, RYOBI TECHNOLOGIES, INC., ONE WORLD TECHNOLOGIES, INC. and HOME DEPOT U.S.A., INC., by and through their attorneys, JOHNSON & BELL, LTD., and pleading in the alternative, and without prejudice to the denials made in its answer to plaintiff's complaint at law, asserts in the alternative, the following against the third-party defendants, JTD, INC.

## COUNT I
### *Ryobi Technologies, Inc. v. JTD, Inc.*

1. Plaintiff, JAROSLAW WIELGUS (hereinafter referred to as "plaintiff") filed his complaint at law alleging that he was injured while operating a 10-inch portable table saw, Model BTS 10-1, Serial No. XX 052378814 (hereinafter referred to as "table saw") while working for his employer JTD, INC. at an apartment building located at 3294 No. Pine Grove, Chicago, Illinois. (A copy of Plaintiff's Complaint is attached as Exhibit "A").

2. Plaintiff filed his action against the third-party plaintiff/defendant, RYOBI TECHNOLOGIES, INC. (hereinafter referred to as "Ryobi") alleging that it was the designer, manufacture, tester, supplier, seller and/or distributor of the subject table saw.

3. Defendant/third-party plaintiff, Ryobi, filed its answer and affirmative defenses to plaintiff's complaint at law, denying any and all material allegations asserted against it.

4. Prior to and on March 20, 2006, plaintiff was employed by the third-party defendant, JTD, INC. and was acting in the course and scope of his employment with JTD, INC. prior to and at the time of his accident of March 20, 2006 at 3294 No. Pine Grove, Chicago, Illinois.

5. As the plaintiff's employer, JTD, INC. was responsible for supervising, controlling, directing, instructing, training, and/or enforcing safe work methods and procedures performed by its employees, including but not limited to the plaintiff when selecting, using, inspecting, and/or working with equipment, including the subject table saw.

6.   Prior to and at the time of plaintiff's accident of March 20, 2006, it was the duty of the third-party defendant, JTD, INC., to exercise reasonable care and caution for the safety of its employees, including the plaintiff, and to provide its employees with a safe place within which to work.

7.   Prior to and at the time of plaintiff's alleged accident of March 20, 2006, it was the duty of the third-party defendant, JTD, INC., to ensure that plaintiff performed his employment activities in a safe and proper manner when selecting, using, inspecting, and/or working with equipment, including but not limited to the subject table saw.

8.   Prior to and at the time of plaintiff's accident of March 20, 2006, the third-party defendant, JTD, INC., through its agents and/or employees, was guilty of one or more of the following negligent acts or omissions:

    a.    failed to provide the plaintiff with a safe place within which to work;

    b.    failed to provide adequate safeguards to prevent the plaintiff from injury while performing his work with the table saw;

    c.    failed to properly supervise and control the plaintiff's work;

    d.    failed to warn the plaintiff of the danger of using the table saw;

    e.    failed to properly and safely monitor the work activities and procedures utilized by the plaintiff while using and working with the table saw;

    f.    failed to by provide adequate training and/or instruction in how to use the table saw;

    f.    was otherwise careless and negligent.

9. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the third-party defendant, JTD, INC., the plaintiff allegedly sustained damages complained of in his complaint at law.

10. Pleading in the alternative, and with the express understanding that the defendant/third-party plaintiff, Ryobi, has denied and continues to deny the allegations of plaintiff's complaint, the third-party plaintiff states that if any damages were suffered by the plaintiff, then it was the direct and proximate result of one or more of the foregoing negligent acts or omissions of the third-party defendant, JTD, INC. individually and/or through its agents, and/or employees.

11. At all times relevant, there was in existence a statute commonly known a the Joint Tortfeasors Contribution Act, 740 ILCS 100/0.01 et seq., which provides for the proportionate assessment of damages among the parties found liable to an injured plaintiff, according to their respective percentage of fault.

12. If the third-party plaintiff, Ryobi, is found liable to the plaintiff, then the third-party plaintiff is entitled to contribution from the third-party defendant, JTD, INC., in an amount not greater than the worker's compensation liability of the third-party defendant, JTD, INC.

**WHEREFORE**, defendant/third-party plaintiff, RYOBI TECHNOLOGIES, INC. prays that if judgment is entered against them and in favor of the plaintiff, then judgment must be entered in favor of the third-party plaintiff, RYOBI TECHNOLOGIES, INC., and against the third-party defendant, JTD, INC., in an amount not greater than the worker's compensation liability of the third-party defendant, JTD, INC.

## COUNT II
*One World Technologies, Inc. v. JTD, Inc.*

1. Plaintiff, JAROSLAW WIELGUS (hereinafter referred to as "plaintiff") filed his complaint at law alleging that he was injured while operating a 10-inch portable table saw, Model BTS 10-1, Serial No. XX 052378814 (hereinafter referred to as "table saw") while working for his employer JTD, INC. at an apartment building located at 3294 No. Pine Grove, Chicago, Illinois.

2. Plaintiff filed his action against the third-party plaintiff/defendant, ONE WORLD TECHNOLOGIES, INC. (hereinafter referred to as "One World") alleging that it was the designer, manufacture, tester, supplier, seller and/or distributor of the subject table saw.

3. Defendant/third-party plaintiff, One World, filed its answer and affirmative defenses to plaintiff's complaint at law, denying any and all material allegations asserted against it.

4. Prior to and on March 20, 2006, plaintiff was employed by the third-party defendant, JTD, INC. and was acting in the course and scope of his employment with JTD, INC. prior to and at the time of his accident of March 20, 2006 at 3294 No. Pine Grove, Chicago, Illinois.

5. As the plaintiff's employer, JTD, INC. was responsible for supervising, controlling, directing, instructing, training, and/or enforcing safe work methods and procedures performed by its employees, including but not limited to the plaintiff when selecting, using, inspecting, and/or working with equipment, including the subject table saw.

6. Prior to and at the time of plaintiff's accident of March 20, 2006, it was the duty of the third-party defendant, JTD, INC., to exercise reasonable care and caution for the safety of its employees, including the plaintiff, and to provide its employees with a safe place within which to work.

7. Prior to and at the time of plaintiff's alleged accident of March 20, 2006, it was the duty of the third-party defendant, JTD, INC., to ensure that plaintiff performed his employment activities in a safe and proper manner when selecting, using, inspecting, and/or working with equipment, including but not limited to the subject table saw.

8. Prior to and at the time of plaintiff's accident of March 20, 2006, the third-party defendant, JTD, INC., through its agents and/or employees, was guilty of one or more of the following negligent acts or omissions:

    a.    failed to provide the plaintiff with a safe place within which to work;

    b.    failed to provide adequate safeguards to prevent the plaintiff from injury while performing his work with the table saw;

    c.    failed to properly supervise and control the plaintiff's work;

    d.    failed to warn the plaintiff of the danger of using the table saw;

    e.    failed to properly and safely monitor the work activities and procedures utilized by the plaintiff while using and working with the table saw;

    f.    failed to by provide adequate training and/or instruction in how to use the table saw;

    f.    was otherwise careless and negligent.

9. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the third-party defendant, JTD, INC., the plaintiff allegedly sustained damages complained of in his complaint at law.

10. Pleading in the alternative, and with the express understanding that the defendant/third-party plaintiff, One World, has denied and continues to deny the allegations of plaintiff's complaint, the third-party plaintiff states that if any damages were suffered by the plaintiff, then it was the direct and proximate result of one or more of the foregoing negligent acts or omissions of the third-party defendant, JTD, INC. individually and/or through its agents, and/or employees.

11. At all times relevant, there was in existence a statute commonly known a the Joint Tortfeasors Contribution Act, 740 ILCS 100/0.01 et seq., which provides for the proportionate assessment of damages among the parties found liable to an injured plaintiff, according to their respective percentage of fault.

12. If the third-party plaintiff, One World, is found liable to the plaintiff, then the third-party plaintiff is entitled to contribution from the third-party defendant, JTD, INC., in an amount not greater than the worker's compensation liability of the third-party defendant, JTD, INC.

**WHEREFORE**, defendant/third-party plaintiff, ONE WORLD TECHNOLOGIES, INC., prays that if judgment is entered against it and in favor of the plaintiff, then judgment must be entered in favor of the third-party plaintiff, ONE WORLD TECHNOLOGIES, INC., and against the third-party defendant, JTD, INC., in an amount not greater than the worker's compensation liability of the third-party defendant, JTD, INC.

## COUNT III
### *Home Depot U.S.A., Inc. v. JTD, Inc.*

1. Plaintiff, JAROSLAW WIELGUS (hereinafter referred to as "plaintiff") filed his complaint at law alleging that he was injured while operating a 10-inch portable table saw, Model BTS 10-1, Serial No. XX 052378814 (hereinafter referred to as "table saw") while working for his employer JTD, INC. at an apartment building located at 3294 No. Pine Grove, Chicago, Illinois.

2. Plaintiff filed his action against the third-party plaintiff/defendant, HOME DEPOT U.S.A., INC. (hereinafter referred to as "Home Depot") alleging that it distributed, supplied, and /or sold the subject table saw.

3. Defendant/third-party plaintiff, Home Depot, filed its answer and affirmative defenses to plaintiff's complaint at law, denying any and all material allegations asserted against it.

4. Prior to and on March 20, 2006, plaintiff was employed by the third-party defendant, JTD, INC. and was acting in the course and scope of his employment with JTD, INC. prior to and at the time of his accident of March 20, 2006 at 3294 No. Pine Grove, Chicago, Illinois.

5. As the plaintiff's employer, JTD, INC. was responsible for supervising, controlling, directing, instructing, training, and/or enforcing safe work methods and procedures performed by its employees, including but not limited to the plaintiff when selecting, using, inspecting, and/or working with equipment, including the subject table saw.

6. Prior to and at the time of plaintiff's accident of March 20, 2006, it was the duty of the third-party defendant, JTD, INC., to exercise reasonable care and caution for

the safety of its employees, including the plaintiff, and to provide its employees with a safe place within which to work.

7. Prior to and at the time of plaintiff's alleged accident of March 20, 2006, it was the duty of the third-party defendant, JTD, INC., to ensure that plaintiff performed his employment activities in a safe and proper manner when selecting, using, inspecting, and/or working with equipment, including but not limited to the subject table saw.

8. Prior to and at the time of plaintiff's accident of March 20, 2006, the third-party defendant, JTD, INC., through its agents and/or employees, was guilty of one or more of the following negligent acts or omissions:

    a. failed to provide the plaintiff with a safe place within which to work;

    b. failed to provide adequate safeguards to prevent the plaintiff from injury while performing his work with the table saw;

    c. failed to properly supervise and control the plaintiff's work;

    d. failed to warn the plaintiff of the danger of using the table saw;

    e. failed to properly and safely monitor the work activities and procedures utilized by the plaintiff while using and working with the table saw;

    f. failed to by provide adequate training and/or instruction in how to use the table saw;

    f. was otherwise careless and negligent.

9. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the third-party defendant, JTD, INC., the plaintiff allegedly sustained damages complained of in his complaint at law.

10. Pleading in the alternative, and with the express understanding that the defendant/third-party plaintiff, Home Depot, has denied and continues to deny the allegations of plaintiff's complaint, the third-party plaintiff states that if any damages were suffered by the plaintiff, then it was the direct and proximate result of one or more of the foregoing negligent acts or omissions of the third-party defendant, JTD, INC. individually and/or through its agents, and/or employees.

11. At all times relevant, there was in existence a statute commonly known a the Joint Tortfeasors Contribution Act, 740 ILCS 100/0.01 et seq., which provides for the proportionate assessment of damages among the parties found liable to an injured plaintiff, according to their respective percentage of fault.

12. If the third-party plaintiff, Home Depot, is found liable to the plaintiff, then the third-party plaintiff is entitled to contribution from the third-party defendant, JTD, INC., in an amount not greater than the worker's compensation liability of the third-party defendant, JTD, INC.

**WHEREFORE**, defendant/third-party plaintiff, HOME DEPOT U.S.A., INC., prays that if judgment is entered against it and in favor of the plaintiff, then judgment must be entered in favor of the third-party plaintiff, HOME DEPOT U.S.A., INC., and against the third-party defendant, JTD, INC., in an amount not greater than the worker's compensation liability of the third-party defendant, JTD, INC.

Respectfully submitted,

JOHNSON & BELL, LTD.


/s/ Robert R. McNamara

Robert R. McNamara (Bar Number 6194965)
Attorneys for defendants Ryobi Technologies,
Inc., One World Technologies, Inc. and Home
Depot U.S.A., Inc.
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ Robert R. McNamara

Robert R. McNamara (Bar Number 6194965)
Attorneys for defendants Ryobi Technologies, Inc.,
One World Technologies, Inc. and Home Depot
U.S.A., Inc.
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, Illinois  60603
(312) 372-0770
Fax:  (312) 372-9818
E-mail:  Mcnamarar@jbltd.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAROSLAW WIELGUS, ) <br> ) <br> Plaintiff ) <br> v.s. ) <br> ) <br> RYOBI TECHNOLOGIES, INC., ONE ) <br> WORLD TECHNOLOGIES, INC. and ) <br> HOME DEPOT U.S.A., INC., ) <br> ) <br> Defendants ) | FILED <br> MARCH 19, 2008    TC <br> No.:  08CV1597 <br> Judge: JUDGE LINDBERG <br> MAGISTRATE JUDGE DENLOW |

## COMPLAINT AND JURY DEMAND

Jaroslaw Wielgus, by the undersigned attorneys, Law Offices of F. John Cushing III, P.C., as and for his complaint herein alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from the severe and disfiguring personal injuries suffered by Plaintiff while operating a table saw manufactured, sold and distributed by defendants Ryobi Technologies, Inc. ("Ryobi"), One World Technologies, Inc. ("One World") and sold by defendant Home Depot USA, Inc. ("Home Depot").

### PARTIES

2. Plaintiff, Jaroslaw Wielgus ("Wielgus") is an individual who resides at 5623 South New Castle, Chicago, IL.

3. Upon information and belief, Ryobi is a Delaware corporation with a principal place of business at 1428 Pearman Dairy Road, Anderson, SC. Upon information and belief, Ryobi is a subsidiary of Ryobi Limited, a Japanese corporation that sells power tools worldwide.



4. Upon information and belief One World is a Delaware corporation, maintaining its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina. One World is affiliated with Ryobi and manufactures, distributes and sells power tools under the Ryobi name.

5. Upon information and belief, Home Depot is a Delaware corporation maintaining a place of business at 1415 Boston-Providence Turnpike, Norwood, Norfolk County, Massachusetts. Home Depot's principal place of business is located at 2455 Paces Ferry Road, Atlanta, Georgia. Home Depot has named Illinois corporation Servin C, 801 Adlai Stevenson Drive, Springford, IL 62703, as its registered agent for service of process in the Commonwealth.

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that it is an action between citizens of different states and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over Ryobi and One World because Plaintiff's claims arise from Ryobi and One World's:

   a. transacting business in the State of Illinois;

   b. contracting to supply services or things in the State of Illinois;

   c. causing tortious injury by an act or omission in the State of Illinois; and/or

   d. causing tortious injury in the State of Illinois by an act or omission outside of the State of Illinois and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the State of Illinois.

8. This Court also has personal jurisdiction over Defendant Home Depot USA, Inc. because Home Depot is authorized to do business, and is doing business, in the State of Illinois.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District, and pursuant to 28 U.S.C. § 1391 (c) all defendants reside in this District as that term is defined in 28 U.S.C. § 1391 (c).

## THE FACTS

10. In 2005 Ryobi and One World, were the designers, manufacturers, testers, suppliers, sellers, and/or distributors of a 10-inch portable table saw, Model BTS 10-1, Serial No. XX 052678814 and had distributed, supplied and/or sold the subject machine in Illinois.

11. At some time prior to March 20, 2006, Ryobi and One World, distributed, supplied and/or sold the Ryobi Saw to Home Depot.

12. At some time prior to March 20, 2006, Home Depot distributed, supplied and/or sold the subject machine to Jaroslaw Wielgus.

13. On or about March 26, 2006, Plaintiff, while working for his employer, JTD, Inc., was operating the subject Ryobi Saw at an apartment building, located at 3294 No. Pine Grove, Chicago, IL with all due care when the Ryobi Saw injured Plaintiff.

14. The Defendants, as manufacturers of power saws, have failed to utilize available safer technology in their saws. For years there has been for example, available technology that would stop a power saw blade almost instantly upon contact with human flesh, thereby avoiding the traumatic injury suffered by plaintiff.

15. Specifically, in or around November, 2000, at a meeting of the Power Tool Institute, Inc., ("PTI"), of which Defendants were members, Defendants were made aware of

      technology that detects when human flesh touches the saw blade, and once contact is detected, stops the saw blade almost instantly.

16. At the time of the demonstration, the inventor of the flesh detection and braking technology offered to make the technology available to Defendants through a licensing agreement. The technology would have been appropriate for use on the Subject Saw.

17. Defendants failed to pursue licensing and use of this available safer technology, or to implement any alternative technology or to mitigate or eliminate the effects of accidental blade contact with human flesh.

18. To date, none of the table saws manufactured by Defendants incorporate the flesh detection and braking, or other comparable safety technology.

## COUNT I

### (Negligence Against Defendants Ryobi and One World)

19. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 18 and incorporates each as if fully set forth herein.

20. Ryobi and One World were negligent with respect to the designing, manufacturing, testing, inspecting, distributing and selling of the Rigid Saw and were negligent with respect to equipping the Ryobi Saw with adequate safeguards, warnings and/or instructions.

21. As the direct and proximate result of Ryobi's and One World's said negligence, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT II

### (Implied Warranty Against Defendants Ryobi and One World)

22. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 21 and incorporates each as if fully set forth herein.

23. Ryobi and One World impliedly warranted pursuant to 810 ILCS 5/2-314 to Plaintiff that the Ryobi Saw and its component parts were merchantable, safe and fit for ordinary purposes. Ryobi and One World are merchants with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by Ryobi and One World. Ryobi and One World therefore breached these warranties to Plaintiff.

24. As the direct and proximate result of Ryobi's and One World's said breaches of warranties, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT III

### (Negligence Against Defendant Home Depot)

25. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 24 and incorporates each as if fully set forth herein.

26. Home Depot was negligent with respect to the testing, inspecting, distributing and selling of the Rigid Saw and was negligent with respect to equipping the Rigid Saw with adequate safeguards, warnings and/or instructions.

27. As the direct and proximate result of Home Depot's said negligence, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

### COUNT IV

### (Implied Warranty Against Defendant Home Depot)

28. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 27 and incorporates each as if fully set forth herein.

29. Home Depot impliedly warranted, pursuant to 810 ILCS 5/2-314 to Plaintiff that the subject product and its component parts were merchantable, safe and fit for ordinary purposes. Home Depot is a merchant with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by Home Depot. Home Depot therefore breached these warranties to Plaintiff.

30. As the direct and proximate result of Home Depot's said breaches of warranties, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

**WHEREFORE,** Plaintiff demands judgment against Defendants, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

### THE PLAINTIFF CLAIMS A TRIAL BY JURY

                    Respectfully submitted,
                    JAROSLAW WIELGUS
                    By his Attorney,

                    **LAW OFFICES OF F. JOHN CUSHING III, P.C.**

                    <u>s/F. John Cushing III/</u>
                    F. John Cushing III
                    Michael M. Cushing
                    29 S. LaSalle, Suite 240
                    Chicago, IL 60603
                    (312) 726-2323

Dated: March 19, 2008