# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JAROSLAW WIELGUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **Case No. 08 CV 1597** |
| | ) | |
| RYOBI TECHNOLOGIES, INC., ONE | ) | **Magistrate Judge Young B. Kim** |
| WORLD TECHNOLOGIES, INC., and | ) | |
| HOME DEPOT USA, Inc., | ) | |
| | ) | |
| Defendants. | ) | **December 10, 2010** |
| ------------------------------------------------- | ) | |
| | ) | |
| RYOBI TECHNOLOGIES, INC., ONE | ) | |
| WORLD TECHNOLOGIES, INC., and | ) | |
| HOME DEPOT USA, Inc., | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| JTD CONSTRUCTION, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM OPINION and ORDER

Before the court are the motions of plaintiff Jaroslaw Wielgus[1] ("Wielgus") and third-party defendant JTD Construction, Inc. ("JTD") for reconsideration of the court's August 4, 2010 ruling. On August 4, 2010, the court granted third-party defendants' ("defendants")

---

[1] Travelers Insurance Company ("Travelers") brings the subject motion as the subrogee of Wielgus. For purposes of this ruling, the court will treat this motion as Travelers' motion as Travelers is the real party in interest as to the subject documents. Also, Travelers filed a memorandum of law in support of Plaintiff's motion for reconsideration but did not file a separate "motion for reconsideration." (R. 129.) The court will overlook this error and treat the memorandum as a motion.

motion to compel and required the production of certain documents withheld by JTD based on the attorney-client and attorney work-product privileges. For the following reasons, the motions are denied:

**Background**

JTD employee Wielgus sustained injuries in March 2006 while using a power saw manufactured and distributed by the defendants. Wielgus submitted a claim for and Travelers paid him workers' compensation benefits. Wielgus also filed this instant product liability case in March 2008 against the defendants on the basis that the subject power saw was unsafe as it lacked a flesh-detection safety feature and that the lack of this feature caused him serious injuries. Because Travelers compensated Wielgus in his workers' compensation claim against his employer JTD, both Wielgus and Travelers have a stake in this lawsuit. In defense of this action, the defendants filed a third-party complaint against JTD. The defense of JTD in this action is also financed by its insurer, Travelers.

On December 5, 2008, the defendants served a subpoena on Travelers for "[a]ny and all records relating to worker's compensation cause no. FZW2491, Jaroslaw Wielgus v. JTD Construction, Inc." The subpoena ordered Travelers to produce the records by December 22, 2008. (R. 98, Ex. A.) Travelers did not respond to the subpoena and did not seek a protective order. (R. 98.) On November 3, 2009, the defendants served Travelers with a more detailed subpoena requesting documents pertaining to Wielgus' workers' compensation claim against JTD. (R. 98, Ex. B.) This second subpoena required a response from Travelers

2

by November 17, 2009. Travelers again did not respond to the subpoena or petition the court for a protective order.

However, on December 4, 2009, JTD advised the defendants that Travelers sent the documents responsive to the subpoena to JTD. (R. 98, Ex. C.) JTD further advised that it was withholding these documents based on "attorney-client and/or attorney work product privileges." (Id.) Ten days later, on December 14, 2009, the defendants asked JTD to provide them with a detailed privilege log. (R. 96, Ex. D.) JTD did not release any logs explaining the nature of the privilege it asserted.

On March 10, 2010, the defendants again requested JTD to provide a privilege log within 14 days. (R. 96, Ex. D.) JTD ignored this request as well. Then on April 6, 2010, the court ordered JTD to either produce the documents responsive to the Travelers subpoena or to submit a privilege log to the defendants by April 20, 2010. (R. 88.) JTD ignored this order and offered the defendants nothing. On May 26, 2010, the parties appeared for a status hearing. When asked by the court why JTD failed to produce the ordered privilege log, JTD did not have a response. JTD merely asked for another chance to produce its privilege log. The court granted the oral request and permitted JTD one more chance to produce a privilege log by June 11, 2010. (R. 92.) On June 9, 2010, JTD finally sent the defendants its privilege log in response to the documents they asked for in its subpoena to Travelers. (R. 93.)

On July 6, 2010, the defendants filed a motion to compel JTD or Travelers to produce the documents requested in their third-party subpoena. (R. 98.) On July 8, 2010, the court

gave JTD until July 15, 2010, to file its response to the defendants' motion to compel. (R. 100.) JTD then filed a motion for an in camera inspection of the subpoenaed documents on July 8, 2010. (R. 101.) Neither JTD nor Travelers filed a response to the motion to compel. On July 20, 2010, the court denied JTD's motion noting that if an in camera inspection of certain documents was needed to rule on the pending motion to compel, the court would notify the parties. (R. 104.) On August 4, 2010, the court granted in part and denied in part the defendants' motion to compel. (R. 107, 125.) The court ordered JTD (as corrected) to turn over a copy of the documents identified in the Memorandum Opinion and Order as 1-6, 10, 11, 14, 15, 17, 22-27, and 29-36 to the defendants by August 20, 2010. (Id.)

On September 20, 2010, the court held a status hearing and gave JTD until October 8, 2010, to either file a motion for reconsideration of the August 4, 2010 order, or to comply with the order. (R. 112.) On October 8, 2010, JTD filed a motion for reconsideration. (R. 116.) JTD also moved to require the defendants to return certain privileged documents that it had erroneously disclosed to them. (Id.) Travelers also filed a motion for reconsideration of the August 4, 2010 order. (R. 119.) This was the first time since the defendants issued their third-party subpoena to Travelers in December 2008 that Travelers voiced an objection to turning over its records pertaining to Wielgus.

On October 22, 2010, the court held a status hearing and denied the two motions for reconsideration without prejudice. (R. 123.) However, the court granted JTD's motion seeking the return of certain privileged documents it erroneously disclosed to the defendants.

4

(Id.) The court ordered the defendants to destroy the privileged documents as well as any copies made of those documents. (Id.) The court further ordered the defendants to confirm the destruction of those documents by October 29, 2010, by providing either a fax or e-mail confirmation to JTD. (Id.)

At this status hearing, Travelers and JTD also orally moved for clarification of the court's August 4, 2010 order about which documents JTD was required to turn over to the defendants. (R. 123.) They explained that the court had denied the defendants' motion to compel as to documents 12 and 13, but also ordered their production. (R. 124.) They also pointed out that the privilege log prepared by JTD should have listed 36 documents, not 37 documents because JTD erroneously listed one group of documents twice on the log. (Id.) The court granted their oral motion and advised the parties that a clarification order would be issued by October 29, 2010. (R. 123.) The court also gave JTD until November 5, 2010, to file an amended motion for reconsideration. (Id.)

On October 29, 2010, the court entered an Amended Memorandum Opinion and Order *nunc pro tunc* to August 4, 2010, remedying the document conflicts identified by Travelers and JTD. (R. 124, 125.) A few days later, on November 3, 2010, and on November 5, 2010, JTD and Travelers filed their motions for reconsideration. (R. 128, 129.) The defendants filed their response in opposition to the motions on November 12, 2010. (R. 132.) On November 19, 2010, Travelers filed a reply brief, but JTD did not. (R. 133.)

5

**Analysis**

**A.     Legal Standard**

The Seventh Circuit has cautioned that motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citations omitted). A motion for reconsideration will be granted when: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 2009) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citations omitted). In other words, "[a] motion for reconsideration is not an opportunity to take a second bite at the apple and reargue issues already adjudicated." *Championsworld, LLC v. United States Soccer Fed'n, Inc.*, No. 06 C 5724, 2007 WL 2198366, at *1 (N.D. Ill. July 31, 2007) (citation omitted). Therefore, a court will grant a motion to reconsider when there is a "compelling reason," including a change in the law that shows that an earlier ruling

6

was erroneous, but not to address arguments that a party should have previously raised. *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009).

**B.     JTD's Motion**

JTD has not identified any legitimate basis for seeking reconsideration of the court's August 4, 2010 order. In its motion, JTD merely asks this court to consider the arguments it should have raised in response to the defendants' motion to compel back in July 2010. JTD first requests that the court reconsider its August 4, 2010 order on the basis that it erroneously disclosed certain privileged documents that the court did not order JTD to produce because there were differences between the document numbering system the court used in its August 4, 2010 order and the sequencing of the documents listed in JTD's privilege log.[2] (R. 128 at 1-2.) Next, JTD seeks reconsideration of the court's order requiring the disclosure of documents 2, 10, 11, and 32 because these documents are either privileged or not relevant[3] to any issue in the case. (Id. at 2-8.) As to document 2, JTD claims that this eight-page invoice from Boies, Schiller & Flexner, LLP, to a Travelers' claims handler for legal work regarding saw litigation dated September 25, 2008, is neither relevant nor likely to lead to

---

[2] This claim is moot. As JTD correctly points out in its brief, the court resolved this issue on October 22, 2010, by ordering the defendants to destroy the privileged documents JTD turned over in error as well as any copies made of those documents. (R. 123.) The court further ordered the defendants to confirm the destruction of such documents by October 29, 2010, by providing either a fax or e-mail confirmation to JTD. (Id.)

[3] This argument is a nonstarter. Pursuant to Federal Rule of Civil Procedure 26(b)(5), documents identified on a privilege log are documents that are "otherwise discoverable" and the pertinent issue is whether the documents identified on the log are properly withheld based on privileges and Rule 26(b)(3)(B) protections.

7

any admissible evidence in this case. (Id. at 6-7.) Furthermore, JTD states that document 2 is protected by the attorney-client privilege because it details attorney-client communication. (Id. at 7.)

JTD asserts that document 10, a two-page Travelers Interoffice Memorandum from subrogation attorney Jennifer Campbell, Travelers Claim Legal Group, to subrogation adjuster Jennifer Wartlift concerning investigation and claims analysis dated August 16, 2007, is protected by the attorney-client and attorney work-product privileges because it entails strategy and claims analysis related to this litigation. (R. 128 at 7.) Thus, JTD claims that requiring it to produce documents such as internal claims memoranda and notes to the defendants would be no different than allowing JTD or Travelers to have access to similar types of documents that have been generated, prepared or exchanged by the defendants or may be prepared at some point in this litigation. (Id. at 8.)

JTD contends that document 11, a one-page Travelers Interoffice Memorandum from subrogation adjuster Timothy Costello to Kelly Gilfert ("Gilfert"), Claims Handler Subrogation Department, authorizing payment of claim expenses dated September 3, 2009, is also protected by the attorney work-product privilege. (R. 128 at 8-9.) JTD asserts this privilege because document 11 was prepared during the pendency of this litigation and reveals payments of expenses pertaining to the litigation. (Id.) JTD also claims that document 11 is not relevant to any fact or issue in this case. (Id.) As to document 32, JTD argues that this two-page letter to Subrogation Claims Handler Gilfert from Sullivan &

8

Sullivan, LLP dated August 14, 2009, detailing billing and expenses is also protected by the attorney work-product privilege because it was prepared during the pendency of the litigation and shows the payment of expenses related to the litigation. (Id. at 9.)

JTD further requests that the court reconsider and order the return of documents 1, 3, 23, and 31.[4] (R. 128 at 9-12.) Document 1 contains 150 pages of Travelers' Internal Claim Handlers' File Activity Notes from various workers' compensation claims handlers assigned to Wielgus' claim throughout the years detailing file activity, investigation, and evaluations from March 2006 to November 2009. JTD argues that certain documents or pages interspersed throughout the 150 pages of internal claims notes should be returned to JTD because they contain information pertaining to the subrogation portion of this case, which are not discoverable. (Id. at 10.) JTD asserts that the defendants should return the privileged notes in exchange for redacted non-privileged portions of the claims notes. (Id. at 11.)

As to document 31, JTD asserts that this six-page letter to Subrogation Claims Handler Gilfert from Sullivan & Sullivan, LLP dated August 7, 2009, a billing and expense statement, should be returned because it constitutes a billing communication protected by the attorney-client privilege and because the document is not relevant to proving any fact or legal issue in this litigation. (R. 128 at 11-12.) Accordingly, JTD requests that the court amend its August 4, 2010 order to preclude the disclosure of these documents and order their return. (Id.)

---

[4] Documents 3 and 23 are subsets of document 1.

JTD's amended motion to reconsider is denied. The arguments raised by JTD in its amended motion are merely belated contentions that it now asks the court to consider. A review of the record in this case establishes that JTD repeatedly ignored numerous court orders and had ample opportunity to provide the defendants and the court with an adequate privilege log, but failed to do so. Moreover, even after the defendants filed their motion to compel and pointed out the inadequacies of the privilege log, JTD still failed to respond to the motion to compel or amend its privilege log with detailed information to support their privilege claims.

The court provided JTD with an opportunity to explain its privilege positions but declined to advance any arguments against the disclosure of the subject documents. And JTD has acknowledged that its reason for seeking reconsideration of the August 4, 2010 order is because of its own failure to provide an adequate privilege log in the first place. Because JTD has failed to cite to any new law, facts, or evidence that was unavailable to JTD prior to the court's original ruling on the defendants' motion to compel and because JTD failed to offer any good cause for its failure to timely submit its present arguments, JTD has failed to establish a valid basis upon which the court would be permitted to reconsider its August 4, 2010 order.

**C.     Travelers' Motion**

Travelers' motion does not fare any better than JTD's motion. Travelers moves the court to reconsider its August 4, 2010 order because JTD's failure to produce an adequate

privilege log resulted in the disclosure of privileged and confidential communications pertaining to the subrogation claims notes in this case, which contain internal legal strategies, evaluations of the merits of the case, and communications with consulting experts. (R. 133 at 1-2.) Travelers contends that the defendants do not dispute the fact that the claims notes pertaining to subrogation are privileged and that they have no substantive right to these notes. (Id. at 2-3.) Travelers points out that the only reason the defendants have possession of these notes is because of the repeated procedural failure of JTD to produce an adequate privilege log. (Id.) Travelers therefore contends that the defendants now have in their possession privileged communications and materials pertaining to the case at bar as well as numerous cases filed throughout the country. (Id. at 3.)

Travelers contends that it is entitled to a reconsideration of the August 4, 2010 order because it was never put on notice of the fact that JTD would release privileged documents to the defendants. (R. 133 at 5.) Travelers takes the position that the privilege log described materials pertaining to Travelers' workers' compensation claims and not subrogation claims notes or other privileged materials. (Id.) As such, when JTD finally produced a privilege log, the description of the documents afforded no indication to Travelers that internal privileged legal strategies or communications pertaining to the subrogation portion of this case were listed on the log. (Id.) Therefore, Travelers asserts that it was only after JTD turned over the documents to the defendants that it became clear that JTD disclosed privileged documents to the defendants. (Id.)

11

Travelers also argue that the defendants' use of the privileged documents in other cases around the country provides the court with a legitimate basis to revisit its August 4, 2010 order because the court could not have appreciated the unintended consequence of its ruling. (Id. at 6.) Travelers also claims that the defendants are characterizing the court's August 4, 2010 order as a substantive ruling that subrogation claims notes are generally discoverable materials as a matter of law. (Id. at 6-7.) Therefore, Travelers asserts that the defendants are casting the court's August 4, 2010 opinion as disavowing established legal principles in other cases throughout the country. (Id. at 7.)

Travelers' motion for reconsideration is also denied. Travelers knew or should have known that the documents detailed in JTD's privilege log contained internal notes and analysis about the issue of subrogation related to this litigation. In fact, a group of documents identified in the privilege log pertained to "internal documents containing communication among Travelers' claims adjusters regarding the workers' compensation claim and subrogation rights." (R. 125 at 13.) However, Travelers never filed responsive motions or papers with this court explaining why certain documents contained in JTD's privilege log consisted of confidential communications that should not be disclosed.

The record establishes that Travelers had a reasonable basis for knowing the nature and the content of the documents described in JTD's privilege log because these documents are Travelers' very own documents which Travelers itself generated, gathered and passed on to JTD. Travelers made a conscious choice to relinquish its control over the subject

documents to JTD and chose not to object to the third-party subpoena. Moreover, even after releasing the privileged documents to JTD, there is nothing in the record to demonstrate that Travelers did not have a say in the matter of preparing the privilege log. Travelers cannot now seek the court's intervention merely because it is dissatisfied with the way JTD handled the documents.

Travelers' argument that the court must reconsider its prior ruling because the August 4, 2010 ruling is having an unintended consequences and because the defendants are misapplying the court's ruling in other cases is not an adequate basis for reconsideration in this case. First, the purpose of this court's August 4, 2010 ruling is contained within the four corners of the memorandum opinion and order. Second, the release of certain documents to the defendants are caused by Travelers and JTD, not this court.

## Conclusion

For the foregoing reasons, JTD's and Travelers' motions for reconsideration of the court's August 4, 2010 order are denied.

**ENTER:**

_____
Young B. Kim
United States Magistrate Judge