UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAROSLAW WIELGUS, ) | |
| ) | 08 CV 1597 |
| Plaintiff, ) | |
| v. ) | Magistrate Judge Young B. Kim |
| ) | |
| RYOBI TECHNOLOGIES, INC., et al., ) | |
| ) | April 18, 2012 |
| Defendants. ) | |

## MEMORANDUM OPINION and ORDER

In this diversity suit brought under Illinois law, Jaroslaw Wielgus claims that he suffered severe, disfiguring injuries to his hand while he was operating a table saw that was manufactured, distributed, and sold by Ryobi Technologies, Inc. and One World Technologies, Inc., and sold by Home Depot USA, Inc. (collectively, "the defendants"). Four years after this case was filed and eight months after the close of discovery, the defendants filed the current Motion to Join Travelers Indemnity Company as Real Party in Interest. The motion is denied. The court concludes that the defendants have waived their objection under the real-party-in-interest doctrine by failing to raise it in a timely manner.

### Background

Wielgus filed this lawsuit in 2008, bringing claims for negligence and breach of implied warranty under Illinois law and alleging that the defendants failed to equip the saw that caused his injuries with adequate safeguards, warnings, or instructions. (R. 9, Am. Compl. ¶¶ 19-30.) Six months later the parties consented to the jurisdiction of Magistrate Judge Denlow. (R. 42; R. 49.) After the parties began the discovery process, Weilgus

amended his complaint in December 2009 to include strict products liability claims against all three defendants. (R. 84, 2d Am. Compl. ¶¶ 25-29, 36-40.) In May 2010 the case was reassigned to this court. (R. 90.)

On October 22, 2010, this court held a hearing to resolve outstanding discovery issues. In the course of that hearing, William Mergner—who had appeared pro hac vice "on behalf of plaintiff, Wielgus a/s/o The Travelers Ins. Co., Inc. (and its subsidiaries)," (R. 113)—described this case as one of many pending in approximately 17 jurisdictions throughout the country involving what Mergner characterized as a "subrogated plaintiff on behalf of Travelers filing a lawsuit against Ryobi." (R. 211, Mot. Ex. B, 10/22/10 Hearing Tr. at 4-5.) In response, the defendants' attorney commented, "I guess I just want to be clear that there is no doubt now that this case should be captioned Jaroslaw Wielgus as subrogee of Travelers Insurance Company and that's how the caption should reflect." (Id. at 8.) Wielgus's attorney, Michael Cushing, explained that although Travelers had paid Wielgus's workers' compensation claim, he had claims for personal injuries "above and beyond" the amount of the workers' compensation payment. (Id. at 8-9.) Cushing asserted that "Mr. Wielgus is not just in this case as the face for Travelers in the subrogation action" and that his firm is "acknowledging Travelers' lien and pursuing this case on behalf of Mr. Wielgus." (Id.) When this court asked whether Wielgus is the real party in interest, his attorney responded in the affirmative, and the defendants' attorney did not object. (Id. at 9.)

After discovery closed in July 2011, this court entered an order scheduling the case for trial on April 17, 2012. (R. 149; R. 152.) Shortly thereafter, Wielgus's attorneys informed the court that based on Wielgus's immigration status as a Polish national who had overstayed a work visa in 2006 and is currently residing in Poland, he is barred from returning to the United States for 10 years unless he obtains a waiver. (R. 154.) Because his application for that waiver is still pending, this court agreed to postpone the trial indefinitely, but ordered the parties to move forward with motions in limine. (R. 155.) On March 6, 2012, the defendants filed 37 motions in limine, delivered in three binders totaling approximately 1,500 pages of briefing and exhibits. (R. 168-R. 204.) That same day, they filed the current motion to join Travelers' Indemnity Company ("Travelers") as a real party in interest. (R. 211.)

**Analysis**

In the current motion the defendants argue that Travelers Indemnity Co. ("Travelers"), by virtue of having paid Wielgus's workers' compensation claim, is partially subrogated to Wielgus's rights in this case, and that accordingly, it must be joined as a real party in interest under Federal Rule of Civil Procedure 17(a). They point out that in a partial subrogation case, both the insured and the insurer "should appear in the litigation in their own names," *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 381 (1949), and that the Seventh Circuit has held that an absent subrogee insurer should be joined as a real party in interest upon a defendant's motion, *see Wadsorth v. United States Postal Serv.*, 511 F.2d 64, 67 (7th

3

Cir. 1975). Wielgus objects, arguing that Rule 17(a) does not require joinder in this case, because Illinois's workers' compensation scheme gives Travelers a statutory lien over Wielgus's claim. *See* 820 ILCS § 305/5(b). Wielgus argues that because Travelers is protected by statute there is nothing to gain by joining it in this action, and asserts that the defendants brought the motion to gain an upper hand at trial by ensuring that the jury knows that Wielgus has already received a workers' compensation pay-out. Alternatively, Wielgus argues that the defendants have waived their objection under Rule 17(a) by waiting for years to raise the objection. Because this court agrees with Wielgus's latter argument, it declines to discuss the former.

The Seventh Circuit has characterized Rule 17(a)'s codification of the real-party-in-interest rule as a defense that is subject to waiver. *RK Co. v. See*, 622 F.3d 846, 850-51 (7th Cir. 2010). Rule 17(a) states that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." What constitutes a reasonable time to object under Rule 17(a) "is a matter of judicial discretion that depends on the facts of each case," *Tate v. Snap-On Tools Corp.*, No. 90 CV 4436, 1997 WL 106275, at *8 (N.D. Ill. Feb. 11, 1997), but it typically must be raised when "'joinder is practical and convenient,'" *RK Co.*, 622 F.3d at 850 (quoting *Gogolin & Stelter v. Karn's Auto Imports, Inc.*, 886 F.2d 100, 102 (5th Cir. 1989)). Whether joinder is practical and convenient has been described in terms of when the defendant discovered the non-party's

4

status as a real party in interest, whether the objection is sufficiently timely to allow the named plaintiff to prove his status and to give the real party in interest a reasonable opportunity to join the action, and any other "case-specific considerations of judicial efficiency or fairness to the parties." *See In re: Signal Int'l LLC*, 579 F.3d 478, 488 (5th Cir. 2009).

This court concludes that under the particular facts and procedural posture of this case, the defendants' attempt to join Travelers as a real party in interest comes too late. Although the defendants do not deny that they have known about Travelers' subrogation interest more or less since this suit's inception, they waited to file any motion to join Travelers until four years after the suit was filed and eight months after the close of discovery, at a point where the parties have foregone dispositive motions and are moving forward with voluminous motions in limine in anticipation of trial. The defendants have made no attempt to explain the delay. Because discovery is now closed and the parties are in the last phases of preparation for trial, ordering Travelers to join at this point in the litigation could delay the case significantly should it argue that as a party it is entitled to its own discovery, or should it move the court to revisit some of the discovery rulings or to submit responses to the 1,500 pages of the defendants' motions in limine currently pending before this court. It is simply neither convenient nor efficient to join Travelers as a new party at this late stage in the game. *See, e.g., Lee v. Deloitte & Touche, LLP*, 428 F.Supp.2d 825, 831 (N.D. Ill. 2006) (finding Rule 17(a) objection raised in motion to dismiss waived when brought four years after suit

filed); *Shapo v. Underwriters Mgmt. Corp.*, 98 CV 4084, 2002 WL 31155059, at *9 (N.D. Ill. Sept. 27, 2002) (finding Rule 17(a) objection waived where raised in summary judgment motion 3.5 years after case filed).

In their reply in support of their motion, the defendants argue that their real-party-in-interest defense is not waived because, according to them, they raised their Rule 17(a) objection informally at previous stages in the litigation. The first objection they point to is in their affirmative defenses to Wielgus's first amended complaint, where they asserted that "Plaintiff, Jaroslaw Wielgus, lacks legal standing/capacity to assert the claims asserted in the Plaintiff's First Amended Complaint." (R. 235, Reply Ex. A.) But Rule 17(a) is not to be confused with questions of jurisdictional standing, *see Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 756 (7th Cir. 2008), and to the extent their affirmative defense was one of prudential standing/capacity, it is not the same as that raised in the current motion. The defendants are not now claiming that Wielgus lacks the capacity to pursue the claims before the court, but only that he shares that capacity with Travelers with respect to a share of his claims. Nothing in the affirmative defense they now cite would have put Wielgus or Travelers on notice that they considered Travelers to be the real party in interest with respect to a portion of the claims. *See In re: Signal*, 579 F.3d at 489-90 (noting that Rule 17(a) defense must be raised "plainly"); *see also RK Co.*, 622 F.3d at 850 n.2 (addressing capacity question separately from Rule 17(a) defense).

The second informal objection they point to is their attorney's statement during the October 22, 2010 motion hearing, in which their counsel commented, "I guess I just want to be clear that there is no doubt now that this case should be captioned Jaroslaw Wielgus as subrogee of Travelers Insurance Company and that's how the caption should reflect." (R. 211, Mot. Ex. B, 10/22/10 Hearing Tr. at 8.) But the defendants never made an actual oral motion to join Travelers during the hearing, nor did they follow up with a written motion after the hearing. More importantly, as the discussion progressed this court asked Wielgus's attorney whether Wielgus is the real party in interest, and when his attorney answered yes, the defendants did not object. Accordingly, to the extent the comment referenced could be interpreted as an objection, the defendants abandoned it by failing to assert it explicitly in response to this court's direct question about the parties' status. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the defendants have done here—results in waiver.").

If anything, the defendants' acknowledgment that they knew about Travelers' interest early in this litigation and never took any formal steps to try to add the insurer until the case had progressed to the nitty-gritty of the trial-preparation stage casts a veneer of calculation on the current motion. As Wielgus points out, the defendants have not explained the reason behind their request to join Travelers at this late stage, and have left unrebuffed Wielgus's assertion that the motion is designed to ensure nothing more than that a representative from an insurance company is visible to the jury during trial. A "[t]ardy objection is inconvenient

7

when it . . . manifests the defendant's intention to lay behind the log in ambush." *In re: Signal*, 579 F.3d at 488 (internal quotation omitted). Rule 17 is not to be used as a tool to "forestall" proceedings or gain an upper hand in front of the jury, especially in a situation where there is no suggestion that the defendants will be exposed to the kind of potential double-liability that the rule is designed to prevent. *See Shapo*, 2002 WL 31155059, at *8-*9. Because the current motion smacks of the kind of tactical ambush that courts have warned against in the Rule 17(a) context, and because of the defendants' unreasonable delay in bringing the motion, case-specific considerations of fairness point to the conclusion that the defendants have waived their objection under the real-party-in-interest doctrine, and that the motion to join should be denied.

## Conclusion

For the foregoing reasons, the defendants' Motion to Join Travelers Indemnity Company as a Real Party in Interest is denied.

**ENTER:**

_____
Young B. Kim
United States Magistrate Judge