**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAROSLAW WIELGUS,** | ) | |
| | ) | **No. 08 CV 1597** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| **RYOBI TECHNOLOGIES, INC.,** *et al.*, | ) | |
| | ) | **May 21, 2012** |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

In this product-liability suit brought pursuant to this court's diversity jurisdiction, Jaroslaw Wielgus alleges that Ryobi Technologies, Inc., One World Technologies, Inc., and Home Depot, USA, Inc. (collectively, "the defendants"), are liable for hand injuries he sustained in March 2006 while using the Ryobi Model BTS10S—a table saw that the defendants manufactured and/or sold. His complaint includes claims for negligence, breach of implied warranty, and strict liability under Illinois law. (R. 84.) The parties consented to this court's jurisdiction, (R. 65, 90), and the case has progressed to the pre-trial phase. On May 16, 2012, the court issued its first opinion ruling on several pending motions in limine. (R. 247-48.) In this second opinion, the court tackles defendants' motions in limine numbers 12, 16, 17, 18, 20, 24, 26, 28, and 30. For the following reasons, motion numbers 12 (R. 179), 24 (R. 191), and 30 (R. 197) are granted in part and denied in part without prejudice, motion numbers 16 (R. 183), 17 (R. 184), 18 (R. 185), and 28 (R. 195) are denied without prejudice, and motion numbers 20 (R. 187), and 26 (R. 193) are granted:

**Legal Standard**

Included in the district court's inherent authority to manage trials is the broad discretion to rule on motions in limine. *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 874-75 (7th Cir. 2011). The purpose of such motions is to perform a "gatekeeping function and permit[] the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not to be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). The moving party bears the burden of demonstrating blanket inadmissibility. *See Mason v. City of Chicago*, 631 F.Supp.2d 1052, 1056 (N.D. Ill. 2009). Absent such a showing, evidentiary rulings should be deferred until trial, where decisions can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole. *Anglin v. Sears, Roebuck & Co.*, 139 F.Supp.2d 914, 917 (N.D. Ill. 2001). "A pre-trial ruling denying a motion in limine does not automatically mean that all evidence contested in the motion will be admitted at trial," *Bruce v. City of Chicago*, No. 09 CV 4837, 2011 WL 3471074, at *1 (N.D. Ill. July 29, 2011), for the court may revisit evidentiary rulings during trial as appropriate in its exercise of its discretion, *see Luce v. United States*, 469 U.S. 38, 41-42 (1984).

## Analysis

I.    **Motion in Limine No. 12 to Bar Wielgus's Counsel from Making Inflammatory Statements or Arguments**

Defendants' motion number 12 is granted in part and denied in part without prejudice. The defendants seek to bar Wielgus's counsel from making "inflammatory statements, comments, argument, suggestion or innuendo." (R. 179, Mot. ¶ 2.) Pointing to statements made by Wielgus's counsel in a prior lawsuit, the defendants contend that Wielgus's counsel should be precluded from making similar comments in the present lawsuit, including, for example, the following: (1) urging the jurors to "send defendants a message"; (2) asking the jurors to "place themselves" in Wielgus's position; (3) attempting to connect the defendants to a conspiracy among table saw manufacturers to keep flesh-detection technology off the market; and (4) implying that the defendants destroyed documents. (Id. at ¶¶ 2, 4-6.) According to the defendants, such comments serve no purpose other than to inflame the passions of the jury.

The court finds that the defendants' objections are best dealt with during the course of the trial. The defendants may make more specific objections then if they believe that Wielgus's counsel has made an inflammatory or misleading statement, and the propriety of that statement can be resolved when presented in context. *See Saad v. Shimano Am. Corp.*, No. 98 C 1204, 2000 WL 1036253, at *25 (N.D. Ill. July 24, 2000). The same is true of the defendants' objections to Wielgus's anticipated presentation of evidence regarding their supposed document destruction. The defendants may re-raise their objections regarding this

evidence at trial when the court will be better able to judge that evidence in the context of the trial as a whole. As for comments relating to an alleged conspiracy among saw manufacturers, that objection will be addressed more specifically in a forthcoming opinion addressing the multiple motions in limine that the defendants filed relating to Wielgus's conspiracy theory.

The court however grants the motion in part and bars Wielgus from making "send a message" comments as these comments are, and have been deemed, problematic when phrased as a request for punitive damages, which Wielgus is not seeking. *See Betts v. City of Chicago*, 784 F.Supp.2d 1020, 1033 (N.D. Ill. 2011); *Christmas v. City of Chicago*, 691 F.Supp.2d 811, 820 (N.D. Ill. 2010) (any "message" or "punishment" arguments must not imply entitlement to punitive damages where none available); *see also Osorio v. One World Techs., Inc.*, 659 F.3d 81, 90 (1st Cir. 2011) (finding "problematic" counsel's suggestion during opening statements that jury "send a message" to Ryobi management). This case is about whether Wielgus is entitled to recover any compensatory damages for his injuries. As such, there is no place for comments such as "send a message to the defendants." In his response to this motion in limine, Wielgus argues that the First Circuit in *Osorio* found this particular "send a message" comment to be "within the bounds of acceptable zealous advocacy." (R. 233, Pl.'s Resp. at 69.) The court is perplexed by this argument because the First Circuit in *Osorio* commented that, "[w]e are most concerned by counsel's suggestion during opening statements that the jury 'send a message' to Ryobi management by imposing

4

liability since, as Ryobi notes, we have deemed similar arguments improper in the past."
*Osorio*, 659 F.3d at 90.

Nor are "golden rule" appeals appropriate. *United States v. Roman*, 492 F.3d 803, 806
(7th Cir. 2007); *see also Bruce*, 2011 WL 3471074, at *7. The "golden rule" appeal asks the
jury to place itself in the plaintiff's shoes. The Seventh Circuit has explained that "golden
rule" appeals are "universally recognized as improper because it encourages the jury to depart
from the neutrality and to decide the case on the basis of personal interest and bias rather than
on the evidence." *Roman*, 492 F.3d at 806 (quoting *United States v. Teslim*, 869 F.2d 316,
328 (7th Cir.1989)). Therefore, Wielgus is barred from asking the jurors to place themselves
in his shoes.

## II. Motion in Limine No. 16 to Bar Wielgus from Referring to Any Deposition Testimony or Introducing Any Exhibits During Wielgus's Opening Statement

Defendants' motion number 16 is denied without prejudice. The defendants ask the
court to bar Wielgus from referring to any deposition testimony or introducing exhibits
during his opening statement, arguing that such evidence should not be introduced before the
evidentiary stage of the trial. (R. 183 ¶¶ 1, 3.) "The purpose of an opening statement is to
state what evidence will be presented . . . . It is not an occasion for argument." *Testa v.
Village of Mundelein, Ill.*, 89 F.3d 443, 446 (7th Cir. 1996) (citing *United States v. Dinitz*,
424 U.S. 600, 612 (1976)). The court agrees with Wielgus that this motion is premature and
overly broad and that he is entitled to comment about his evidence and to tell the jury what
he intends to demonstrate during the trial. (R. 222, Pl.'s Resp. at 77.) The defendants may

5

renew their objections during Wielgus's opening statement when the court may deal with them in context and instruct the jury, if necessary, to disregard the objectionable references and to bear in mind that opening statements are not evidence. *See Soltys v. Costello*, 520 F.3d 737, 744 (7th Cir. 2008); *Walden v. City of Chicago*, ___ F.Supp.2d ___, 2012 WL 718435, at *1 (N.D. Ill. Mar. 6, 2012).

The court however cautions both parties that they must not attempt to introduce evidence during their opening statement or to publish the content of any exhibit without leave of court. There is a significant difference between telling the jury that the party expects to have certain witnesses provide certain testimony and comment on the expected testimony and quoting verbatim from a deposition transcript and then telling the jury that the quoted testimony is from a witness's deposition transcript. The former is permissible because the party is merely commenting on what the party intends to show during the trial, while the latter is not permissible because the party is offering evidence.

## III. Motion in Limine No. 17 to Bar Wielgus from Presenting Video and In-Court Demonstrations of the SawStop Technology on a Model That is Not Substantially Similar to the BTS10S

Defendants' motion number 17 is denied without prejudice. The defendants seek to bar Wielgus from introducing any demonstration (via video or live) of the SawStop technology on table saw models that are not substantially similar to the BTS10S. Citing Federal Rules of Evidence 402 and 403, the defendants argue that a demonstration of the

flesh-detection technology on a model other than the BTS10S has "no relevance to any issue in this case and will lead to juror confusion." (R. 184, Mot. ¶ 4.)

The court has discretion to admit demonstrative exhibits. *Nachtsheim v. Beech Aircraft Corp.*, 847 F.2d 1261, 1278 (7th Cir. 1988). Their admission is governed by the balancing test in Federal Rule of Evidence 403. Evidence will be excluded under Rule 403 only if its probative value is "insignificant compared to its inflammatory nature so that the evidence *unfairly* prejudices the defendant." *United States v. Gorman*, 613 F.3d 711, 720-21 (7th Cir. 2010) (emphasis in original) (internal quotation marks omitted). That a demonstration is not conducted on the exact product at issue does not mean the evidence is irrelevant or overly prejudicial under Rule 403. *See Crossley v. Gen. Motors Corp.*, 33 F.3d 818, 822 (7th Cir. 1994) (no abuse of discretion in admitting into evidence videotape of rollover tests involving different model automobile than model automobile involved in accident).

Here, the defendants understate the relevance of a demonstration of the SawStop technology and overstate the potential resultant prejudice. As Wielgus argues, a demonstration of the SawStop technology is relevant because it will help the jury understand how the flesh-detection technology functions. (R. 233, Pl.'s Resp. at 79.) And, if Wielgus's Rule 26 expert, Dr. Stephen Gass (inventor of the SawStop technology), testifies, as expected, that SawStop functions in the same manner on the BTS10S model as on the demonstrated model, the probative value of the demonstration could substantially outweigh

the danger of any unfair prejudice. His clarifying testimony also could alleviate any jury confusion stemming from the difference in the models.

Because the admission of this demonstrative evidence may depend on the testimony of certain witnesses and how the demonstration relates to their opinions, this type of motion presents a question that is best resolved in the course of the trial when the court will be in a better position to weigh the probative value of the demonstration against its prejudicial effect under Rule 403. The defendants may re-raise their objection regarding relevance and unfair prejudice at trial. Should the demonstration be allowed, the defendants may seek a limiting instruction asking the jury to consider the use of the demonstration for a limited purpose. *See Wipf v. Kowalski*, 519 F.3d 380, 387 (7th Cir. 2008).

IV.    **Motion in Limine No. 18 to Bar Wielgus from Presenting an In-Court Demonstration of the SawStop Technology in Addition to the Testimony of Dr. Gass Describing the Technology and a Video Demonstrating the Technology**

Defendants' motion number 18 is denied without prejudice. The defendants anticipate that Wielgus will not only have Dr. Gass describe how the SawStop technology works, but will also present video and live demonstrations of the technology. In their motion number 18, the defendants argue that any live demonstration should be precluded as unfairly cumulative of the in-court description and video demonstration. (R. 185, Mot. ¶¶ 3, 6.) Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of . . . needless presentation of cumulative evidence."

As with the defendants' motion number 17, because the admission of an in-court demonstration of the SawStop technology may depend on how Dr. Gass testifies and how the demonstrations will proceed, the defendants' motion presents an objection best left for trial. That said, the defendants' point that Dr. Gass's testimony describing the technology plus a video demonstration of the technology plus an in-court live demonstration of the technology may be cumulative is well-taken. Wielgus should be prepared to select one form of demonstration should the court deem the presentation of all three forms to be needlessly duplicative under Rule 403. *See Noffsinger v. The Valspar Corp.*, No. 09 C 916, 2011 WL 9795, at *7 (N.D. Ill. Jan. 3, 2011) ("Whether evidence is unnecessarily cumulative is an issue for trial and within the prerogative of the trial judge.").

## V.     Motion in Limine No. 20 to Bar Wielgus from Introducing Evidence of Other Verdicts

Defendants' motion number 20 is granted. The defendants move to bar Wielgus from introducing evidence of, or referring to, other verdicts entered against them in different lawsuits. (R. 187.) Wielgus does not oppose this motion. (R. 233, Pl.'s Resp. at 81.) Wielgus must refrain from mentioning or referring to the verdicts entered against the defendants during the trial.

## VI.     Motion in Limine No. 24 to Bar Wielgus from Referring to the Defendants' Financial and Corporate Status

Defendants' motion number 24 is granted in part and denied in part without prejudice. The defendants seek to bar Wielgus from presenting evidence of their "size, wealth, financial

condition, corporate relationship to other companies, out of state residency and/or corporate status." (R. 191, Mot. ¶ 1.) As to their corporate status, the defendants did not develop any arguments why that particular information is irrelevant or prejudicial in and of itself. Because it is appropriate for the jury to receive some background information about the defendants and their relationship to each other, *see Saad*, 2000 WL 1036253, at *26, motion number 24 is denied in part without prejudice. The court notes, however, that should Wielgus refer to the defendants' corporate status in a way to inflame the jury, the defendants may raise a specific objection at trial and the court will deal with the propriety of the statement at that time.

As to their financial condition, the defendants claim that such evidence is irrelevant given Wielgus's decision not to seek punitive damages. Alternatively, they argue that even if their size and financial status were relevant, that evidence is unfairly prejudicial to an extent that outweighs its limited probative value. Wielgus acknowledges that he is not seeking punitive damages. He claims, however, that the defendants' financial status is "highly relevant" because he intends to demonstrate at trial that they possessed the financial means to incorporate the SawStop technology when they learned of its existence in 2002. According to Wielgus, this evidence will rebut the defendants' anticipated defense that they would have had insufficient time to design a table saw equipped with such technology before the date of Wielgus's injury. (R. 233, Pl.'s Resp. at 90.)

Although this court agrees with Wielgus that *Shuff v. Consolidated Rail Corp.*, No. 91 C 5326, 1994 WL 548232 (N.D. Ill. Oct. 5, 1994), to which the defendants cite, is not instructive, *Peters v. Northern Trust Co.*, No. 92 C 1647, 2001 WL 1002499 (N.D. Ill. Aug. 29, 2001), to which Wielgus cites, is also not instructive. In *Shuff*, the motion in limine was unopposed. And in *Peters*, the defendant conceded that his financial status was an issue at the damages phase, but not at the liability phase. Here, Wielgus seeks to introduce evidence of the defendants' financial status to address liability. Accordingly, neither case resolves the present dispute.

The core issue to be resolved in this case is whether the BTS10S was unreasonably dangerous when it left the defendants' control in 2005. Under Illinois law, Wielgus is entitled to prove this by showing that an alternative design was feasible. *See Blue v. Envtl. Eng'g, Inc.*, 215 Ill.2d 78, 93 (2005). But he must show that it "was feasible in terms of costs, practicality, and technology." *See id.* Wielgus anticipates that the defendants will argue that SawStop, LLC's failure to produce a model table saw like the BTS10S incorporating flesh-detection technology is probative evidence regarding the lack of feasibility. To counter that argument, Wielgus seeks to present evidence demonstrating the "dramatic difference in resources between the two companies," which, Wielgus alleges, would demonstrate that the defendants "could have placed flesh-detection technology in its saws long before the [s]ubject [s]aw was manufactured." (R. 233, Pl.'s Resp. at 90.)

11

Evidence of a defendant's financial status may be relevant if the plaintiff is seeking punitive damages. *See, e.g.*, *El-Bakly v. Autozone, Inc.*, No. 04 C 2767, 2008 WL 1774962, at *4-5 (N.D. Ill. April 16, 2008); *Georgeson v. DuPage Surgical Consultants, LTD.*, No. 05 C 1653, 2007 WL 914207, at *3 (N.D. Ill. March 22, 2007) (citing *Kemezy v. Peters*, 79 F.3d 33, 36 (7th Cir. 1996)); *Hollowell v. Wilder Corp.*, 318 Ill.App.3d 984, 990 (5th Dist. 2001). But absent a request for punitive damages, evidence of financial status is generally not relevant at the liability stage. *See El-Bakly*, 2008 WL 1774962, at *5; *cf. Rush Univ. Med. Ctr. v. Minnesota Min. & Mfg. Co.*, No. 04 C 6878, 2009 WL 3229435, at *3 (N.D. Ill. Oct. 1, 2009) (issue of finances of a party can distract jury from issues in case). Moreover, the danger of its probative value being outweighed by its unfairly prejudicial impact is particularly high where a plaintiff references a defendant's financial status for the purpose of invoking the jury's sympathy by conjuring a David versus Goliath scenario.

Although the inquiry regarding the feasibility of implementing the SawStop technology involves assessing the cost of adding that technology to the BTS10S, the court fails to see how evidence of the defendants' overall wealth or bottom-line financial status is relevant to that question. And Wielgus has not pointed to any case where a court has allowed the admission of this kind of evidence to demonstrate feasibility. Wielgus may still attempt to rebut the defendants' feasibility defense by demonstrating that implementing the technology was possible without impairing the utility of the BTS10S while also not being overly costly to implement. Wielgus may also rebut by explaining SawStop, LLC's inability

12

to produce a model table saw like the BTS10S. These can be done without referring to the defendants' net worth or financial status. Accordingly, this court agrees that what little probative value the evidence of the defendants' bottom-line financial status has is substantially outweighed by the danger of unfair prejudice it might cause in coloring the jury's perception of the relevant issues.[1] *See Georgeson*, 2007 WL 914207, at *3 (limiting evidence of financial status to request for punitive damages).

## VII. Motion in Limine No. 26 to Bar Wielgus from Referencing the Defendants' Liability Insurance and from Questioning Prospective Jurors Concerning Their Connection to the Insurance Industry

Defendants' motion number 26 is granted. The defendants move to bar Wielgus from eliciting testimony concerning their liability insurance and questioning prospective jurors regarding any connection they may have with insurance companies. Wielgus agrees to the defendants' motion so long as they likewise refrain from eliciting similar testimony and questioning the jurors in that manner.[2] Federal Rule of Evidence 411 governs the admission of evidence of liability insurance, instructing that "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or

---

[1] This ruling does not preclude Wielgus from asserting at trial that testimony elicited by the defendants opened the door to their financial condition. Wielgus must raise this argument with the court prior to offering any evidence barred by this ruling.

[2] Wielgus notes that his agreement is contingent on this court's denial of the defendants' motion to add Travelers Insurance Company ("Travelers") as a real party in interest (R. 211). (R. 233, Pl.'s Resp. at 109-10.) After Wielgus filed his response to motion number 26, this court denied the defendants' motion to join Travelers as a party (R. 242), and so that contingency is no longer at play.

otherwise wrongfully." Such evidence may be admissible, however, for another purpose, such as "proving a witness's bias or prejudice or proving agency, ownership, or control." *Id.* Where, as here, the question is one of negligence, evidence of insurance coverage is not admissible absent a showing that the parties intend to use such evidence for an alternate purpose. *King v. Harrington*, 447 F.3d 531, 533 (7th Cir. 2006). None has been offered. Accordingly, the parties are barred from presenting evidence of liability insurance during the trial. Nor shall prospective jurors be questioned in a manner that indicates that either party has insurance. *See Saad*, 2000 WL 1036253, at *16; *see also Samos v. United Exposition Serv. Co.*, No. 90 C 5911, 1993 WL 498192, at *2 (N.D. Ill. Dec. 1, 1993) (noting that "no question shall be asked that implies, or in any way indicates, that the Defendant has insurance").

## VIII. Motion in Limine No. 28 to Bar Wielgus from Presenting Lay Opinion Testimony Regarding the Design or Safety of the BTS10S

Defendants' motion number 28 is denied without prejudice. The defendants seek to prevent Wielgus and his lay witnesses from providing "any opinions regarding the design or safety" of the Ryobi BTS10S table saw. (R. 195, Mot. ¶ 7.) In moving to exclude, the defendants did not identify any specific troublesome lay opinions they expect Wielgus to present at trial.

This motion is both premature and overbroad. Federal Rule of Evidence 701 provides that lay witnesses are permitted to give opinions which are "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or

14

the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge." In other words, "[l]ay opinion testimony is admissible only to help the jury or the court to understand the facts about which the witness is testifying and not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events." *United States v. Conn*, 297 F.3d 548, 554 (7th Cir. 2002) (internal quotation marks omitted). Without more details about the lay opinions to be excluded, the court is unable to rule on their admissibility under Rule 701. Should lay testimony stray into the realm of specialized or technical interpretations of the technology, the defendants may raise more specific objections at trial. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F.Supp. 1398, 1401 (N.D. Ill. 1993).

## IX. Motion in Limine No. 30 to Exclude Witnesses from the Courtroom During Trial

Defendants' motion number 30 is granted in part and denied in part without prejudice. The defendants request to exclude all witnesses except the parties and their corporate representatives from the courtroom during trial, arguing that witnesses should be allowed to testify from their own personal knowledge without the benefit of the preceding testimony. The defendants point to Illinois precedent in support of this motion. While state law governs substantive issues in a diversity action, federal law governs procedural ones. *Gacek v. American Airlines, Inc.*, 614 F.3d 298, 301 (7th Cir. 2010). The defendants' request to exclude witnesses implicates a procedural issue, not a substantive one. *See Saad*, 2000 WL 1036253, at *18. Accordingly, Federal Rule of Evidence 615, not Illinois law, controls. And

15

Rule 615 provides that upon a party's request, or *sua sponte*, the court must exclude witnesses from the trial so that they cannot hear the testimony of others. But the court need not exclude, among others, "a person whose presence a party shows to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(c).

Wielgus does not raise any specific opposition to the exclusion of non-expert witnesses. (R. 233, Pl.'s Resp. at 97-98.) But Wielgus invokes the Rule 615(c) exemption from excluding his expert witnesses and requests that they be present during Wielgus's testimony to base their opinions on the details of the accident as described by him and the testimony of the defendants' experts.

The rationale for excluding "fact" or "occurrence" witnesses is premised on the concern that having heard the testimony of others, the witnesses may inappropriately tailor their testimony to conform to the testimony of previous witnesses. *Geders v. United States,* 425 U.S. 80, 87 (1976); *Hill v. Porter Memorial Hosp.*, 90 F.3d 220, 223 (7th Cir. 1996). No such danger is present with expert witnesses, whose testimony, by nature, is based on facts and information provided by others. What's more, Federal Rule of Evidence 703 expressly provides that "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Accordingly, the motion is granted as to non-expert witnesses but denied as to expert witnesses without prejudice. The parties are permitted to identify expert witnesses they wish to have present in the courtroom and to

show that their presence is essential to their claims and defenses. The court will address this particular matter at the pretrial conference.

## Conclusion

For the foregoing reasons, defendants' motion in limine numbers 12 (R. 179), 24 (R. 191), and 30 (R. 197) are granted in part and denied in part without prejudice, motion numbers 16 (R. 183), 17 (R. 184), 18 (R. 185), and 28 (R. 195) are denied without prejudice, and motion numbers 20 (R. 187), and 26 (R. 193) are granted.

**ENTER:**

Young B. Kim
United States Magistrate Judge