# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Young B. Kim | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1597 | **DATE** | May 22, 2012 |
| **CASE TITLE** | Wielgus vs. Ryobi Technologies, Inc. et al | | |

**DOCKET ENTRY TEXT**

Jury trial set for October 15, 2012, at 9:00 a.m.

■[For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Back in October 2011, the court scheduled the case for trial in April 2012. (R. 152.) In January 2012, the court cancelled the trial date because Plaintiff, who is not a legal resident of the United States, was unable to secure the necessary visa to enter the United States for a trial in April. (R. 155.) The court granted the motion despite the fact that Plaintiff had not even applied for the required visa and had not even taken any significant steps to secure the required visa. (R. 154, Pl.'s Mot.) He did represent in his motion that he would submit his application for a visa by the end of January 2012. (Id. at 3.) In granting the motion, the court ordered Plaintiff to update the court and the defendants in writing as to his visa status by March 30, 2012. (R. 155.) The court trusted that Plaintiff would proceed diligently and expeditiously, as he claims to be an interested party here and wishes to pursue this action, to secure the necessary visa to prosecute this case.

As ordered, Plaintiff filed a status report on March 29, 2012, to advise the court and the defendants as to the status of his visa application. (R. 231.) In his March 29th report, Plaintiff represented that his attorneys, as of March 27, 2012, "acquired the final documents that are necessary for [him] to present at his hearing for a Temporary Visa." (R. 230, Pl.'s Rprt. at 1.) Plaintiff then reported that his attorneys needed two weeks to "draft letters . . . setting out why . . . the Temporary Visa should be granted." (Id.) Plaintiff went on to report that once he receives the materials from his attorneys he would then request and schedule a hearing before the Visa Section of the United States Consulate in Poland. (Id. at 1-2.) Despite the fact that these representations were not consistent with his prior representations in his motion to reschedule the trial and that he failed to accomplish much in the preceding two months, the court extended him the benefit of the doubt and merely asked Plaintiff to update the court and the defendants again in writing by May 18, 2012, as to his progress. (R. 232.)

Plaintiff failed to comply with the court's order of March 30, 2012, and neglected to file his report by May 18, 2012. (R. 249.) On May 22, 2012, Plaintiff submitted his report only to say that his attorneys completed the "letter" he referred to in his March 29, 2012 report and that his attorneys would FedEx the "letter" and the

**STATEMENT**

"necessary documentation" to him "this week." (R. 252. Pl.'s Rprt. at 1.) There is no indication that Plaintiff has applied for a temporary visa or that he has asked to have a hearing scheduled before the Visa Section of the United States Consulate in Poland since the last report date. (R. 252.) So, during the last 54 calendar days, the only steps Plaintiff has accomplished are to have a "letter" and "necessary documentation" prepared to be "mailed" this week---steps he was supposed to have completed four months ago.

Based on these two status reports and Plaintiff's failure to accomplish any significant steps towards securing the required temporary visa, the court has no choice but to schedule a firm trial date. Jury trial set for October 15, 2012, at 9:00 a.m. The court will reserve and clear three weeks on its calendar to complete this jury trial.